### L. McKELLAR AND ANOTHER v. JOHN L. LAMKIN.

The citation returned by the sheriff showed that the defendants had been duly cited, and one of them pleaded in abatement, that he had not been served with a correct copy of the citation; but failed to appear upon the trial, and support by proof, the issue submitted: *Held*, that judgment by default might be given in favor of the plaintiff.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

Suit by defendant in error, against plaintiffs in error, upon a promissory note. One of the plaintiffs in error filed a motion, verified by oath, to quash the citation and service, because the citation served upon him required him to answer the petition of John L. McKellar. The copy of the citation alleged to have been served upon him, was filed with and asked to be taken as a part of the motion. The sheriff's return showed that

the defendant had been duly cited. The following is the entry of the judgment:—"Came the plaintiff by attorney, and the "defendant failing to appear, although duly cited, and the "plaintiff's claim being a liquidated demand, it is considered, "adjudged and decreed by the court, that the plaintiff do re- "cover, &c."

*H. S. Parker*, for plaintiffs in error.

*John Ireland*, for defendant in error.

ROBERTS, J. One of the defendants in error filed a plea in abatement, that he had not been served with a correct copy of the citation and copy of petition. Defendants below failing to appear when the cause was called, the court rendered judgment by default. It is contended, that, the plea having been filed, the court could not legally render a judgment by default.

It was the duty of the defendant, who had filed the plea, to be present to have the issue submitted, and support it with affirmative proof. It was not the business of the court to do it for him. (Hopkins v. Donaho, 4 Tex. Rep. 336.)

But the judgment is largely excessive, and must be reversed, and rendered for the correct amount.

Reversed and reformed.