## Edward Stephens v. Heirs of J. Bowerman.

This court will not recognize as a statement of facts a paper containing a mere reference to certain papers and orders, without any circumstances of identification by which this court can be advised that those copied into the record are the same which were before the court below on the trial.

The province of the statement of facts is to bring before this court, clearly and unmistakably, the evidence upon the trial; and when references are made in the statement of facts to other parts of the record for portions of the evidence, they should be so made as to indicate with certainty the evidence intended.

Where a bill of exceptions deals only in general expressions, without indicating what was the point decided or the exception sustained, it cannot be regarded by this court.

In this case the judgment of the court below was affirmed because the record did not present the rulings of the court below in a sufficient or proper manner.

Error from Lamar.    Tried below before the Hon. W. S. Todd.

The defendants in error, David Bowerman and others, the heirs of Joshua Bowerman, deceased, sued out their writ of *certiorari* from the District Court directed to the County Court of Lamar county, for the purpose of revising and settling the accounts and settlements of William M. Williams, administrator of the estate of said Joshua Bowerman, deceased, and in order to vacate and set aside an order of sale of lands of the estate granted to the administrator by the County Court.

Stephens v. Bowerman.

The appellant, Stephens, intervened, claiming to be a creditor of the estate in the sum of about $400, and praying its allowance, to be paid in due course of administration.

The court appointed an auditor to settle and state the accounts; to whose report the plaintiffs filed numerous exceptions, one being to the allowance of the claim of Stephens.

On the hearing, the court sustained the exception to the report with regard to the allowance of the claim of Stephens, and to several other items of the report, and overruled the exceptions as to the remainder.

Stephens, the intervenor, filed his bill of exceptions, reciting therein that "on the trial of this cause on the exceptions of the said heirs to the report of the auditor, the court sustained the exceptions of said heirs and rendered judgment against the intervenor; to which rulings and decisions of the court the said intervenor excepts," &c.

By way of a statement of facts, the record contains the following entry : " Statement of facts agreed upon in the cause of Edward Stephens, intervenor in the suit of heirs of Bowerman v. W. M. Williams, administrator of said Bowerman. The note and indorsements on said note, together with the orders of the County Court of Lamar county, and report of auditor made in reference to said claim, it is agreed that John H. Crook was not elected chief justice of Lamar county until 1st Monday of August, 1851."

Stephens, the intervenor, brings the cause up by writ of error.

*Johnson & Towns*, for plaintiff in error.

*S. H. Morgan*, for defendants in error.

WHEELER, C. J.—The record contains no sufficient statement of facts, nor is the question which the appeal seeks to have adjudicated otherwise presented by the record in such a manner as to warrant a decision upon it. What purports to be a statement of facts contains a mere reference to certain papers and orders, but without any circumstance of identity to enable this court to be

advised that those copied in the record are the same which were before the court on the trial. To recognize this mere reference to papers and orders, without indicating with more certainty what was intended as a statement of facts, would be to sanction quite too loose a practice. It is the province of the statement of facts to bring before the court, clearly and unmistakably, the evidence upon the trial. If reference is made to other parts of the record for any portion of the evidence, it should certainly appear what was intended by the reference. The bill of exceptions is obnoxious to the same objection. It deals in general expressions, without indicating what was the point decided, or the exception sustained. It appears from the decree of the court that all the exceptions to the report of the auditor were not sustained, and is left by the bill of exceptions to inference as to what exceptions were intended. Besides, the report of the auditor, was evidence and not pleading, and without all the evidence was before us we can not undertake to decide whether the court ruled correctly upon the exceptions. Because there is no question presented by the record in a manner to require us to revise the rulings of the court, the judgment is affirmed.

Judgment affirmed.