## J. J. GREENWADE v. JESSE WALLING ET AL.

Where a bill of exceptions does not show why the deposition of a witness was excluded, nor what it contained, the court will presume that it was rightly excluded. (Paschal's Dig., Art. 217, Note 280.)

It is settled, in every volume of reports, that where there is no statement of facts, the court will presume in favor of the verdict. (Paschal's Dig., Art. 1470, Note 582.)

APPEAL from Bosque. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

This was a suit commenced by the appellees in the court below, for title to the league of land granted to Ann Wheelock, now Ann Walling. After the suit had been progressing for some time, the defendant disclaimed as to the north half of the league, and claimed title to the south half, by virtue of a deed from Ann Walling and Jesse Walling to Lousey Jane Barton and James M. Barton, and from James M. Barton to J. M. Stiner, and from Stiner to the defendant. And the plaintiffs disclaimed as to the south half of the league; but set up title in George W. Barton, the son of James M. and Lousey Jane Barton, and the grandson of the plaintiff, Ann Walling, formerly Ann Wheelock. Upon this disclaimer being filed, the defendant showed that the minor, George W. Barton, had a legally appointed guardian of his person and estate, in Rusk county, where he resided, and moved to dismiss the suit. But the court retained the suit, and appointed James M. Norris, one of the attorneys for the plaintiffs, guardian, *ad litem*, for the minor. The suit was finally tried, and a verdict rendered by the jury, under the charge of the court, in favor of George W. Barton, for three-fourths of the south half of the league of land, and in favor of the defendant, J. J. Greenwade, for the other fourth of the south half, and in favor of the plaintiffs for $20 damages

for trespasses committed by Greenwade upon the north half league.

As to the various errors assigned in the rulings of the court upon the admissibility of evidence, as shown by the bills of exception, it is hardly necessary to refer to them, as the court declined to consider them in the situation of the record.

The verdict found a specific parcel of land for the defendant, and the court rendered a judgment for an undivided interest.

As all the arguments pre-suppose a statement of facts in the record, when there is none, it is deemed unnecessary to give the points.

*Herring & Anderson* and *S. H. Renick*, for the appellant.

*Shelley & Carrington*, for the appellees.

MORRILL, C. J.—This suit is for a league of land on the Brazos, in McLennan county.

During the progress of the cause there were a number of changes made, both as to parties and the object of the suit. The controversy finally was as to the south half of the league of land, and it was decided that plaintiff in error was entitled to one-fourth of the same and defendants in error to the other three-fourths.

The first error assigned is that, 1. The court erred in excluding the evidence of James Barton. We have looked through the record of upwards of one hundred pages, and have found on page 72 of the record a motion for continuance, made during the progress of the cause, because the judge excluded the deposition of James Barton. What the deposition was, or for what reason it was excluded, does not appear; and, of course, we cannot say whether the court erred or not. The presumption legally exists that the judge decided correctly.

2. The second exception is for refusing a continuance because the testimony of said Barton was excluded. As already stated, as the testimony of said Barton is not known to us, we cannot decide whether it was material or not.

To the third and fourth exceptions we answer, that there is no statement of facts in all the record, and the same cannot be further inquired into. We cannot but express our surprise that the distinguished attorneys who appear to have had the management of the case should have shown so much neglect of their duties as is shown in the record. There is hardly a volume of the whole twenty-seven of the Texas reports in which it is not stated substantially, what is found as the opinion of the court in the case of. Portis v. Cochrane, 1 Tex., 77, viz, "there is no statement of facts in the record, and all presumptions are in favor of the correctness of the verdict." In the case of Stevens v. Bowerman, 27 Tex., 18, there was a purported statement of facts, upon which Chief Justice WHEELER, in delivering the opinion of the court, remarked: "What purports to be a statement of facts contains a mere reference to certain papers and orders. * * * It is the province of the statement of facts to bring before the court clearly and unmistakably the evidence on the trial. * * * Because there is no question presented by the record, in a manner to require us to revise the rulings of the court, the judgment is affirmed." We have thus quoted from the first and last published volumes of the reports what may be also found substantially in the other twenty-five volumes.

Because, therefore, the record does not contain such a statement of facts as will enable us to make any revision of the several rulings, orders, and judgments, the judgment is

AFFIRMED.