JOHN I. ADAMS ET AL. v. JOHN T. DUGGAN.

(No. 2365, Op. Book No. 2, p. 631.)

APPEAL from Guadalupe County. Opinion by WALKER, R. S., P. J.

§ **1268.** *Judgment; motion to reform; duty of party to see that a proper judgment is entered; bills of exception on motion to reform judgment.* Appellants sued appellee for debt, and obtained a writ of attachment against his property, which was duly levied upon property and returned into court. Upon the trial of the case, judgment was rendered in favor of appellants for their debt, but there was no foreclosure of their attachment lien upon the property seized. They moved to reform the judgment so as to foreclose the attachment lien, and order a sale of the property. This motion was overruled, and from the judgment overruling the motion appellants prosecuted this appeal. *Held,* parties are held bound to take care of their own interests on the trial of causes. It is not the business of the court to assume the duty, ordinarily, of presenting and acting upon all questions which the rights of the parties might involve. [Hopkins v. Donaho, 4 Tex. 336; McKellar v. Lamkin, 22 Tex. 244; Peveler v. Peveler, 54 Tex. 56.] There is no bill of exceptions or other matter in the record showing that in rendering the judgment that was rendered the court committed any error. A party who brings up to an appellate court a question of this kind must be expected to present a state of case from which it will be manifest that the court, and not the party, was in fault. It was incumbent on the appellants in this case to have presented by a bill of exceptions the evidence of the facts which attended the ruling

736

in question; otherwise the appellate court must presume that the judgment was warranted by the facts and is correct. [Stephens v. Bowerman, 27 Tex. 18.]

June 3, 1882.                                    Affirmed.