BAKER v. NIPPER, County Treasurer. (No. 1898.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 1, 1917.)

1. APPEAL AND ERROR ☞640—SCOPE OF REVIEW—RECORD—SUFFICIENCY.

Where the transcript consisted solely of the order refusing the injunction, the appeal bond, and the clerk's cost bill and certificate, the appeal would be dismissed, as the court could not determine whether the judge erred in refusing the injunction.

2. APPEAL AND ERROR ☞518(1) — RECORD — PLEADINGS.

Papers purporting to have been filed with the clerk of the trial court, and to be the petition for an injunction and the answer thereto, though sent with the transcript, were not entitled to be filed in the Court of Civil Appeals, and could not be considered as part of the record under the specific provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 2109 et seq., and court rules 85, 94, and 100 (142 S. W. xxiii, xxiv).

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Suit by A. T. Baker against T. L. Nipper, County Treasurer. From an order refusing temporary injunction, plaintiff appeals. Appeal dismissed.

A. T. Baker, in pro. per. Elmer L. Lincoln, of Linden, for appellee.

WILLSON, C. J. [1, 2] The transcript does does not contain the pleadings of the parties. It consists solely of (1) the order of the district judge refusing to grant appellant a temporary injunction, from which order the appeal is prosecuted; (2) the appeal bond; and (3) the clerk's cost bill and certificate. As this court cannot determine from such a record whether the district judge erred when he refused to grant the relief sought, or not, it will dismiss the appeal, following the course pursued by the Supreme Court in Watson v. Watson, 69 Tex. 105, 5 S. W. 377, and Hubby v. Harris, 59 Tex. 14. Papers purporting to have been filed with the clerk of the court below and to be appellant's petition for an injunction and appellee's answer thereto, were, it seems, sent to this court with the transcript; but they were not entitled to be filed here, and cannot be considered as a part of the record on the appeal. Vernon's Statutes, art. 2109 et seq.; rules 85, 94, 100 for District and County Courts (142 S. W. xxiii, xxiv); rule 22 for Courts of Civil Appeals (142 S. W. xii); Maass v. Solinsky, 67 Tex. 290, 3 S. W. 289; Clayton v. Preston, 54 Tex. 418; Crawford v. Abbey, 79 S. W. 346; Watkins v. Hopkins County, 72 S. W. 872; Eastin v. Ferguson, 4 Tex. Civ. App. 643, 23 S. W. 918.

The appeal is dismissed.