**HOFFSOMMER, County Supt., et al. v. HAYES et al.**

No. 11521—Opinion Filed July 24, 1923.

1. **Schools and School Districts—Accredited High Schools.**

Each incorporated town of this state maintaining a four-year high school fully accredited with the State University is an independent school district.

2. **Same—Duties and Powers of Department of High School Inspection.**

It is the duty of the department of high school inspection to define the official standard of excellence in all matters relating to the administration, course of study, and instruction in said high schools of the state, and to accredit those schools in which the specified standards are maintained.

3. **Same—Dropping Schools from Accredited List.**

When such high school is maintained, and is fully accredited with the State University, it is not within the power of the department of high school inspection to strike or drop such school from the accredited list for any cause, except the failure of such high school to maintain the official standard of excellence.

4. **Same—Invalidity of Action.**

The action of the department of high school inspection in dropping a high school from the accredited list at the request of the board of education of such district maintaining such high school, and for the mere purpose of changing the status of such district from an independent to a common school district in order to enable it to consolidate with a common school district, is void.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by John W. Hayes, V. N. Bruce, George Cinnamon, and John W. Hayes, as director, George Cinnamon, as member, and V. N. Bruce, as clerk of School District No. 48, Garfield County, Okla., against J. C. Hoffsommer, County Superintendent of Public Instruction, Garfield County, Okla., School District No. 47½, Garfield County, Okla., and Guy Brewer, Louis Lippart, and Glen Courter, the officers thereof, and R. D. Eaton, Superintendent of School District No. 47 ½, Garber Okla., and Sinclair Johnson. Judgment for plaintiffs. Defendants bring error. Affirmed.

McKeever & Moore, for plaintiffs in error.

Curran & Kruse, for defendants in error.

Opinion by DICKSON, C. This is an appeal from the judgment of the district court of Garfield county permanently enjoining the plaintiffs in error from further proceeding in an attempt to consolidate school districts Nos. 47 ½ and 48 of said county.

For convenience the parties will be designated as plaintiffs and defendants, respectively, as they appear in the trial court.

On the 12th day of March, 1920, there was filed in the office of the said defendant superintendent of public instruction petition signed by the requisite number of persons residing in each of said districts praying that a meeting be called for the purpose of determining whether or not school districts Nos. 47½ and 48 should be abolished and a consolidated district formed, composed of both of said districts. On said date the said county superintendent sent out notices that a meeting of the voters would be called in the city of Garber, and an election held on the 26th day of March, 1920, for the purpose of determining said question.

On the 25th day of March, 1920, the plaintiffs in the trial court filed their verified petition and obtained a temporary restraining order enjoining defendants from further proceeding in said matter until the further order of the court.

This suit seems to be the culmination of a protracted controversy between said school districts; No. 48 at all the times being a common school district and three miles square, while school district No. 47½ was an independent school district, and contains within its borders the incorporated town, now city, of Garber, and until the 18th day of November, 1919, maintained a four year high school fully accredited with the State University.

In April, 1919, the county superintendent made an order attaching the whole of district No. 48 to district No. 47½. An appeal was taken from this action to the county commissioners, and while this appeal was pending the district court of said county entered a judgment prohibiting the county superintendent and the board of county commissioners from further proceeding in said matter, upon the grounds that the superintendent of public instruction was without authority to attach the entire district No. 48, a common school district, to district No. 47½, an independent district, and in that manner consolidate the two districts.

On November 12, 1919, the board of education of independent school district No. 47½ requested the high school inspectors to "drop" district No. 47½ as an accredited

HOFFSOMMER V. HAYES 33

school and remove it from the accredited list, and on November 18, 1919, it appears the high school inspectors upon said request withdrew the fully accredited rating from the Garber high school, and thereupon another petition was filed with the county superintendent asking that the entire school district No. 48 be attached to district No. 47½, and such order was made, but on appeal to the board of county commissioners, and on March 1, 1920, said order so attaching said district was reversed. And thereupon the proceeding involved in this suit was commenced.

The plaintiffs' petition sets out all of the foregoing facts and charges further, in substance, that on the 12th day of November, 1919, independent school district No. 47½ was maintaining a high school fully accredited with the State University, and was in all respects an independent school district; that the action of said board of education of said independent school district in requesting the high school inspector to "drop" it as an accredited school and remove it from the accredited list, and the action of said high school inspector in complying with said request, was illegal and void, and was had and done for the sole purpose of giving said independent district No. 47½ an advantageous appearance in the proceeding contemplated, and thereafter taken to effect the consolidation of said districts, and that it was the intention and purpose of said independent school district No. 47½ to immediately resume its status as such independent school district as soon as such consolidation was effected.

The defendants' answer was a general denial. The evidence amply supports the averments of the petition.

It is conceded that the proceedings to consolidate said districts, which the court enjoined, were had under section 10462, Compiled Stat. 1921, and that said section only authorizes the consolidation of common school districts.

The only question in this case is whether or not the action of the department of November 18, 1919, destroyed the status of said independent school district No. 47½, and restored said district to the status of a common school district.

The position of the defendants as stated in their brief is as follows:

"As the error complained of is raised by each and all the above assignments of error, they will be presented together.

"The act of the high school inspectors in striking school district No. 47½ from the ac-

credited list is not a matter of legal concern of the plaintiffs or patrons of district No. 48."

Section 10404 provides that each city of the first class and each incorporated town maintaining a four-year high school fully accredited with the State University shall constitute an independent district.

Section 10306 provides that:

"There is hereby created in the office of the State Superintendent of Public Instruction the department of high school inspection which shall have exclusive and sole authority to define official standards of excellence in all matters relating to the administration, course of study and instruction in the high schools in the state, and to accredit those schools in which the specified standards are maintained."

Sections 10306 and 10307 create the department of high school inspection and define its powers and duties. These sections give this department power to define the official standard of excellence, etc., and where a high school has been visited as contemplated by the statute, and accredited, by operation of section 10404, the district maintaining such high school becomes an independent district.

The sole duty and authority of this department is to determine whether or not such high school is maintaining the official standard of excellence, and it has nothing whatever to do with the financial affairs of the district, and the request of the board of education that the Garber high school be "dropped" from the accredited list for the reasons stated brought nothing to the department's attention over which it had any power, jurisdiction, or authority, and its action in complying with this request was nugatory and idle. But the defendants contend in their brief that:

"Now if the high school inspectors acting under the State Superintendent of Public Instruction determine that that quality of school maintained in district No. 47½ is insufficient to entitle it to be accredited with the State University, by what right can it be said that the patrons of another district can collaterally attack the findings and determinations of the high school inspectors?"

The difficulty with this argument is that the high school inspectors did not determine that the quality of school maintained in district No. 47½ was insufficient to entitle it to be accredited with the State University, but did drop said school from the accredited list at the request of the officers thereof without any reference

whatever to the quality of the school being maintained, and the department exceeded its authority when it granted this request.

The rule is that the courts will not interfere with executive officers in the performance of duties which are discretionary in their nature and involve the exercise of judgment. Still:

"Courts may in ascertaining the rights of parties in suits properly before them pass upon the legality of the acts of public officers after the matter has once passed beyond their control. * * * And generally if executive officers have misconstrued the law applicable to a case * * * or where misrepresentation and fraud have been practiced, necessarily affecting their judgment, the courts will interfere and refuse to give effect to their action."

And—

"If the executive officer does not have jurisdiction of the matter before him interference by the courts by injunction or mandamus obviously does not amount to an interference with his legal discretion." 22 R. C. L. 490, 491, secs. 170, 171.

In Eastin v. Ferguson, 4 Tex. Civ. App. 643, the court says:

"It is true that when a constitution or law defining the power of such an officer authorizes him to perform an act under conditions, the determination of the existence of which is by law either expressly or by necessary implication, committed to his sole discretion, his decision is binding upon other departments. But ordinarily the courts must declare the law and must ascertain the facts to which it applies, where this becomes necessary to the enforcement of private rights." Cool. Const. Lim. 51, 55; Sedg. on Stat. and Const. Laws, 329, 330.

And further in the same case:

"But an act which the officer has no power to do is binding on no one, and confers no right on him for whose benefit it was performed."

"The general doctrine is that an officer to whom public duties are confided is not subject to the control of the course in the exercise of the judgment and discretion which the law reposes in him as a part of his official functions, unless such judgment or discretion is abused and exercised in an arbitrary or capricious manner. The courts, however, are not bound by the interpretation put by an officer upon the law defining his powers, and if he has acted without authority, or in excess thereof, may declare his action illegal." 23 Ency. of Law, 371.

We think the trial court was right in holding that the action of the department of high school inspection in dropping said high school from the accredited list was void, and it therefore necessarily follows that said district No. 47½ was an independent district at the time the proceedings for consolidation were commenced, and the action of the defendants in attempting to consolidate said independent district with a common school district was properly enjoined. We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.