**WALKER, Co. Supt., v. CHAMBERS et al.**

No. 14231—Opinion Filed Oct. 23, 1923.

1. **Schools and School Districts — Formation of Union Graded District — Attaching Territory to Independent District.**

An independent school district and a common school district cannot be consolidated to form a union graded school district by petition of the voters of each district to the county superintendent of schools, but common school districts or parts of districts adjacent to an independent school district may be attached to the independent school district by proper procedure.

2. **Same — Procedure — Invalidity.**

The record in this case examined, and held, that the procedure attempting to consolidate independent school district No. 42 with common school district No. 43 by petition to the county superintendent and a vote of the people of each district is irregular and void, and not sufficient compliance with the law to entitle the two districts to be organized as a union graded school district.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by C. S. Chambers and others to set aside an order of the County Superin-

tendent of Ellis County, which order purported to disorganize a certain common school district and a certain independent school district and combine same into a union graded school district. From a judgment of the district court setting aside said order the County Superintendent brings error. Affirmed.

Perry J. Morris and Swindall & Wybrant, for plaintiff in error.

C. B. Leedy and T. R. Blaine, for defendants in error.

Opinion by MAXEY, C. This appeal involves certain proceedings commenced before Arthur Walker, county superintendent of public instruction of Ellis county, Okla., upon petitions addressed to him and signed by more than one-third of the legal voters of independent school district No. 42 and common school district No. 43 for the purpose of disorganizing independent school district No. 42 and common school district No. 43 and organizing union graded school district No. 2. These petitions were filed with the county superintendent who made an order for an election to be held at the school house of independent school district No. 42. At this election, it appears that 164 votes were polled, 160 being in favor of disorganizing independent school district No. 42 and common school district No. 43 and organizing union graded school district No. 2, and 4 votes against said proposition. A chairman and clerk was elected, and a director, clerk, and member of union graded school district No. 2 were also elected. Upon the result of this election being filed in the county superintendent's office, said county superintendent made an order finding that said election was regular; that said proposition had carried, and union graded school district No. 2 organized. An appeal was taken from this order oranizing union graded school district No. 2 to the board of county commissioners of Ellis county. Said board held that they had no jurisdiction of said appeal. An appeal was prosecuted from the board of county commissioners to the district court of Ellis county, Okla., where the case was tried, and the order of the county superintendent disorganizing independent school district No. 42 and common school district No. 43 and organizing union graded school district No. 2 was reversed and set aside by the district court for the reason and upon the grounds that the county superintendent had no power, juristiction, or authority to call an election upon the petitions presented by the patrons of inde-

pendent school district No. 42 and common school district No. 43, and held that an independent school district could not be consolidated with a common school district to form a union graded school district. From this judgment of the district court, after motion for new trial was filed and overruled, an appeal was perfected to this court.

It is claimed by plaintiff in error that the decision of the trial court is contrary to law, and that the proceedings before the county superintendent of schools were regular and in accordance with law, and that the judgment of the district court should be reversed, and the order of the county superintendent permitted to stand. The law provides for attaching territory outside of an independent school district to such district and for detaching territory from said school district, but there is no authority or law for consolidating an independent school district with a common school district for the purpose of forming a union graded school district, and we think that the judgment of the district court holding that the proceedings before the county superintendent and the orders made by him were irregular and void is right. A very recent case from this court bearing on most of the questions involved in this case is the case of Hoffsommer, Co. Supt., v. Hayes et al., 92 Okla. 32, 117 Pac. 477. While this case is not exactly in point, the reasoning and discussion of the matters involved, in that case are very instructive and persuasive in this case, and for the reason above stated the judgment of the trial court should be affirmed.

By the Court: It is so ordered.