### DOWNEY v. DOWNEY.
### No. 1804.

Court of Civil Appeals of Texas. Eastland.

May 27, 1938.

Rehearing Denied June 17, 1938.

Geo. M. Ritchie, of Mineral Wells, for appellant.

John W. Birdwell, of Mineral Wells, and H. M. Stanfield, of Dallas, for appellee.

FUNDERBURK, Justice.

Appellant Louise Downey, in the brief filed by her attorneys, makes the following statement of the nature and result of the suit:

"At the October term, 1936, of the District Court of Palo Pinto County, the court entered judgment in this cause granting the appellee, W. R. Downey, a judgment for divorce against appellant, Louise Downey, and determined that all of their property with the exception of some small items of personal property was the community.

"The court further found that this property should be partitioned between plaintiff and defendant, each owning a ½ interest therein; that same was subject to partition in kind; and three commissioners were appointed to effect such partition and report their findings to the March term, 1937. The principal part of the property consisted of the home place of the parties, being a lot one hundred (100') feet square, known as Lots 9, 10, 11 and 12, in block 21 of the French Addition to the City of Mineral Wells on which was located the residence.

"At the March term of said court the commissioners reported that they had divided all of the property in two portions equal in value and that one portion they had awarded to the appellant. This portion was known as tract No. 1 and consisted of the East 40 x 100 feet of the home place and the six-room house located on the home place provided however, that appellant should move the six-room house on to the 40 x 100 feet at her own expense.

"The balance of the property was awarded to appellee.

"The report of commissioners was filed at the March term, 1937, and thereupon the defendant, Louise Downey, filed her objections to the report, complaining among

other things of the fact that such report undertook to require her to move at her own expense and by the expenditure of additional funds the house of the parties on to the lot set aside to her.

"The court thereafter on the 1st day of April, 1937, after hearing, confirmed the commissioners' report and allotted to defendant Louise Downey tract No. 1, to which action such defendant excepted and gave notice of appeal to this Honorable Court.

"Thereafter in due time she filed her appeal bond and the cause is now before this court for review."

The transcript contains no pleadings of either party, except and unless appellant's Objections to the Report of Commissioners of Partition is to be regarded as a pleading. There is no petition of the plaintiff or answer of the defendant. There is a purported judgment of divorce containing the recitation of a finding of real and personal property belonging to the parties, and that same, with the exception of one item of personal property, was community property of said parties, to which each was entitled to one half. The judgment declared the property susceptible to partition in kind, and directed partition thereof to be made and appointed commissioners. The record further shows a report of the commissioners, objections (of appellant) to such report, and another judgment approving and confirming said report and ordering that it be entered of record. A part of the judgment provides: "It is further ordered by the court that the title shall be and is hereby vested in each party, to whom a share has been alloted to such share or portion of said property as set apart to him or her by said commissioners in said report as against the other party to this suit, his or her heirs, executors, administrators or assigns, as fully and effectually as the deed of such party could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other party."

A very interesting question is sought to be presented by this appeal, but in our opinion the record is not such as to authorize us to pass upon it. Revised Statutes, 1925, Art. 2278, requires that the transcript "except in the cases hereinafter provided, contain a full and correct copy of all the proceedings had in the cause." Then follows a provision for omitting citations and returns thereon when answers have been filed. Article 2279 provides for omissions by agreement of the parties "with the approval of the judge." Article 2280 provides for an agreed case wherein the agreement is substituted for certain of the proceedings. Article 2282 requires the clerk's certificate to "state whether the same be a transcript of all the proceedings in the cause, or a transcript agreed upon by the parties." The clerk's certificate to the transcript in the instant case does not show that any of the proceedings otherwise required to be included were omitted by agreement. Under the requirements of the statutes there appears to be no authorized excuse for omitting the pleadings from the transcript.

The pleadings constitute the best and all sufficient evidence of the nature of a suit. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, and authorities cited.

Hubby v. Harris, 59 Tex. 14, was a case wherein the transcript omitted the pleadings. There was an agreement of the parties as to the omission, but the agreement was not shown to have been approved by the district judge as the statute then required, as it now does. The court, treating the agreed omission without the approval of the trial judge as a nullity, said: "As the transcript stands, this court cannot know that there is any subject matter of litigation between the parties, and in the absence of a transcript evidencing that fact, this court will not revise the action of the district court * * *. The statutes referred to indicate what the transcript must contain, and unless some of the articles referred to are complied with, the appeal must be dismissed." In Watson v. Watson, 69 Tex. 105, 5 S.W. 377, the transcript omitting the pleadings and other proceedings, contained only the judgment and proceedings had subsequent to its rendition. The court said: "From such a transcript we cannot know what was in issue between the parties, nor the facts on which the judgment was rendered. * * * From the transcript before us the judgment of the district court cannot be revised, and the writ of error will be dismissed."

See also 3 Tex.Jur. 410, sec. 293; Baker v. Nipper, Tex.Civ.App., 198 S.W. 596.

"Matters which the statute requires to be shown by the transcript", says Texas Jurisprudence, "may not be shown by recitals in the judgment." 3 Tex.Jur. 684, sec. 487; Id. p. 791, sec. 562; Palomas Land & Cattle Co. v. Good, Tex.Civ.App., 184

S.W. 805. Only by the recitals in the judgment are we informed that the instant suit is even one for partition.

 On direct attack judgments, unless perhaps judgments by agreement, regardless of the nature or contents thereof, are absolutely limited and controlled by the pleadings. The appeal, we think, invokes the potential jurisdiction of this court, but we are not authorized, in our opinion, to pass upon the merits of the appeal the same as would be the case if no transcript had been filed or not filed in time.

It is accordingly our conclusion that the appeal should be dismissed and it is so ordered.