## Elizabeth Van Brunt v. Clement Wakelee.

A mortgagor of chattels, notwithstanding the forfeiture of the condition of the mortgage, may redeem in equity at any time before the mortgagee has foreclosed by a reduction of the property into possession, or by a sale pursuant to the power conferred by the mortgage.

*Submitted on briefs October 24th. Decided December 6th.*

Appeal in Chancery from Calhoun Circuit.

Complainant filed her bill to redeem from a chattel mortgage a quantity of wheat, which she had mortgaged while growing, and which at the time of filing the bill had been harvested and stacked upon her premises. The mortgage fell due August 1st, 1861, and on the next day defendant, who was assignee of the mortgage, came upon complainant's premises and took possession of the wheat, but without removing it, and refused to allow complainant to redeem. Two weeks thereafter she tendered the amount due on the mortgage, and on defendant refusing to receive it, and stating that he should take the whole wheat, she filed this bill to redeem. Defendant demurred generally. The Circuit Judge overruled the demurrer, and decreed a redemption.* Defendant appealed.

* So little direct authority is there on the subject of redemption of goods mortgaged, that the Circuit Judge could only decide the case upon general principles and the analogy of chattel mortgages to mortgages of lands. The case of *Hinman* v. *Judson*, 13 *Barb.* 629, was referred to by him as nearest to a direct decision on the right of redemption.

The books, however, are full of *dicta* on the subject, and in the following cases, in addition to those cited by counsel, the right of redemption has been assumed to exist :—*Jucker v. Wilson*, 1 *P. Wms.* 261; *Patchin v. Pierce*,

*Hughes & Wooley* for complainant:

This cause presents the broad question—Whether there is an equity of redemption to mortgaged chattels, which may be asserted by the mortgagor after default in payment and before foreclosure of the mortgage by an execution of the power of sale.

The common law knows no equity of redemption in lands or goods mortgaged, but such equity is a creation of the Court of Chancery, and no reason, in the nature of things, exists why it should not apply to all mortgages, real and personal, alike: — 1 *Washb. Real. Prop.* 478.

It may be said not to exist, for the reason that such an equity is inconsistent with the rule at law established in our courts, that the legal title to goods mortgaged is ·in the mortgagee. But courts have frequently held, in this country, that a mortgage of real estate vested the legal title in the mortgagee, and yet these courts never denied the existence of an equity of redemption on this ground.

There is no difference in principle between a mortgage of goods or lands. The estate in the subject of the mortgage conveyed by one is precisely like the other. Judge Story says with reference to chattel mortgages : "It is a conditional transfer of the property, and if the condition is not performed, the whole title vests absolutely; at law, in the mortgagee, exactly as it does in the case of a mortgage of lands."— 2 *Eq. Juris.* § 1030.

The same learned jurist makes no distinction, so far as the equity of redemption is concerned, between real and personal mortgages: "In mortgages of chattels, although

12 *Wend.* 61; *Leighton v. Shapley*, 8 *N. H.* 361; *Wendell v. New Hampshire Bank*, 9 *N. H.* 420; *Leach v. Kimball*, 34 *N. H.* 473-4; *Long Dock Co. v. Malley*, 1 *Beasley*, 96; *Gilchrist v. Patterson*, 18 *Ark.* 579; *Constant v. Matteson*, 22 *Ill.* 559; *Nichols v. Webster*, 1 *Chand.* 203; *Flanders v. Thomas*, 12 *Wis.* 410.

But in none of these cases does the Court undertake to define precisely what acts of the mortgagee, short of actual sale of the property, will be sufficient to bar the equity of redemption.

the prescribed condition has not been fulfilled, there exists, as in mortgages of land, an equity of redemption, which may be asserted by the mortgagor, if he brings his bill to redeem within a reasonable time."— *Ibid.* § 1031. See also *Kemp v. Westbrook,* 1 *Ves. Sr.* 278; *Hart v. Ten Eyck,* 2 *Johns. Ch.* 100 and 101; *Domendary v. Metcalf, Prec. in Ch.* 149; *Wenderzee v. Willis,* 3 *Bro.* 21; *Harrison v. Hart, Comyn,* 392, 411; 1 *Bouv. Inst.* 349; *Cutts v. York Man. Co.,* 6 *Shep.* 201; *Hinman v. Judson,* 13 *Barb.* 629.

*L. D. Dibble* for defendant:

The theory of a chattel mortgage is, that it is a conditional sale of property, liable to be defeated only by performance of the condition at the time specified in the instrument itself, and to become an absolute and unconditional sale, by failure to perform the condition at the time specified therein:—1 *Hill,* 473; 2 *Denio,* 170; 3 *Mich.* 104, *and cases cited.*

The only question to be determined in this case is, can the property be redeemed after the sale has become absolute, and the title has become vested, absolutely, in the mortgagee, or in his assignee, by the failure of the mortgagor to perform the condition of the mortgage on the day. 2 *Denio,* 170, on the subject of redemption in equity, is but a dictum of the court, without deciding anything or citing authority. 3 *Mich.* 104 is also a mere dictum. 2 *Story Eq.* § 1031, refers for authority to *Kemp v. Westbrook,* 1 *Ves.* 278, and to *Hart v. Ten Eyck,* 2 *Johns. Ch.* 101, and to *Comyn,* 392, 411, and does not add anything to the law of those cases. The case of *Hart v. Ten Eyck* was one of pledge and not of chattel mortgage, the distinction between which has long been well defined in law. The case in 3 *Bro. Ch.* 21, referred to in 2 *Johns. Ch.* 101 was also a case of pledge of securities deposited, and not of chattel mortgage, and is, therefore, not authority.

It is stated in *Story on Bailments*, § 287, that "equity
will interfere to compel a redemption" of chattel mortgaged
property, but the statement is not borne out by the
authorities which he cites. 2 *Pick.* 206 was a "bill of
sale" to secure a debt, and an agreement to reconvey
upon certain conditions. The Court, in that case, says it
is questionable whether it was a mortgage, and that it
was unnecessary to decide whether it was or not. That
case does not decide that a redemption could be had in
equity. 2 *Pick.* 249 does not reach the question, for that
was a "bill of sale" and a "covenant" given back to
reconvey on certain conditions, upon which instrument the
Court say suit could be brought. 3 *Pick.* 495 is not at
all in point. It must, in this connection, be remembered,
that in Massachusetts, Maine and Pennsylvania, there are
statutes allowing a redemption, within a given time after
condition of chattel mortgage broken, so that decisions, in
those States, under those statutes, can avail nothing to
complainant as authority, but are rather authority for defend-
ant, that, in those States, the Legislature have by legislative
construction decided that there can be no redemption in
equity, without a statute authorizing it. 8 *Johns.* 96 does
not touch the question, but it does decide that, when the
condition of a chattel mortgage is broken the title of the
mortgagee becomes absolute. 1 *Hill. on Mort.* 314, referred
to in some of the authorities cited and examined, refers
only to mortgages on real estate, and is not applicable to
the question under consideration. In 2 *Hill. on Mortg.* 478
*et seq.*, 494 *et seq.*, 504 *et seq.*, the subject of redemption is
ully discussed, and from which it appears that some States
have passed laws providing for redemption, which would
be, at least, a legislative construction in those States, that
a bill to redeem could not be sustained: from the same
authority it also appears that it has not been settled that a
bill to redeem could be sustained.

VAN BRUNT v. WAKELEE.

MARTIN CH. J.:

Without going into any extended discussion of the respective rights of a mortgagor and mortgagee of chattels after foreclosure, it is very clear from all the analogies of the law, and upon general principles, that a mortgagor has a right to redeem at any time before foreclosure. In the case of a mortgage of chattels this can only be done by a reduction of the property into possession, or by a sale pursuant to the power contained in the instrument. Neither was done in this case. The assertion of Wakelee that he refused the tender, and that he should take the entire wheat, so long as he did not take it, was no foreclosure; and the offer to pay the debt as alleged in the bill was in season, and discharged the mortgage.

The decree is affirmed, with costs.

The other Justices concurred.