## Joseph Lucking and another v. William B. Wesson and others.

*Chattel mortgage: Mortgage: Title to mortgaged chattels, upon condition broken.*
The holder of a mortgage upon chattels stands, in his relation to the mortgagor, upon the footing of a creditor secured by lien upon the property; and he does not become absolute owner of the property by breach of condition.

*Subsequent lien upon mortgaged chattels.* The holder of a subsequent lien upon mortgaged chattels, has the same right to protect his interest in the property as if the prior lien be of any other nature, and may pay off the mortgage.

*Chattel mortgage: Subsequent execution: Subrogation: Assignment.* An execution creditor, upon payment of a chattel mortgage which is a prior incumbrance upon the chattels on which his execution has been levied, is entitled to be subrogated to the rights of the mortgagee; and to that end he has a right to demand and receive an assignment of the mortgage.

The right to redeem from such mortgage attaches as soon as a lien is acquired by the levy of the execution, and is not postponed till after sale on the execution.

*Bill in equity: Jurisdiction: Amount.* It is not essential to jurisdiction, that a bill in equity to enforce the right to redeem in such case, should aver the property to be of the value of more than one hundred dollars, where it discloses that the amount of the lien demanded, which is the proper test, is largely in excess of that sum.

*Heard July 13. Decided October 8.*

Appeal in Chancery from Wayne Circuit.

This bill was filed by Joseph Lucking and James Patton, against William B. Wesson, Alfred Goodman, and Ulenna Goodman. It alleges that the complainants had each obtained a judgment against Alfred Goodman, upon which execution had issued and been levied simultaneously upon all the goods, chattels, and furniture then in the Goodman House, a hotel in the city of Detroit; that Alfred Goodman, and his wife Ulenna, had previously executed, and delivered to Wesson, a chattel mortgage upon said property, and also another to Walter Ingersoll, which had been assigned to Wesson, who, at the time of the levies aforesaid, held and owned both these mortgages; that these mortgages remained in full force, and had never been foreclosed, when said levies were made; that the complainants jointly caused to be tendered to said Wesson the amount due him on said mortgages, which he received; that Wesson refused, on demand being made, to assign the mortgages to complainants.

The prayer is that complainants may be decreed to have a lien on the property for the sum paid Wesson on said mortgages, with interest; that they may be decreed to be the joint owners of said mortgages, and entitled to all the rights of said Wesson under them; that Wesson be decreed to execute an assignment of said mortgages to complainants jointly, and that he be enjoined from assigning or discharging the same.

A demurrer was interposed to this bill, which was over-

ruled, with leave to answer, and no answer being filed,. decree was granted in accordance with the prayer of the bill, and the defendants appealed.

*Levi L. Barbour,* for complainants.

*D. C. Holbrook,* for defendants.

COOLEY, J.

The doctrine that the holder of a mortgage upon chattels becomes absolute owner of the property by breach of condition, is not admitted in this state. The mortgagee has a lien which he may foreclose in the several modes permitted by law, and from which the mortgagor may redeem.— *Van Brunt v. Wakelee, 11 Mich., 177.* The true relation of the parties is that of debtor on the one side, and creditor secured by lien on property upon the other.

This being so, the holder of a subsequent lien must have the same right to protect his interest in the property that he would have had if the prior lien had been of any other nature. And to this end, he may pay off the prior encumbrance as the only mode in which he can prevent his own from being cut off by the other being enforced.

If, however, he were to lose the money paid for that purpose, this right would be of little value in some cases, and in others, of none at all. Obviously the privilege of redeeming from a claim equal to, or greater than, his own, would, under such circumstances, be a mere mockery, while if, on redemption, he were to be entitled to be subrogated to the rights of the person from whom he redeemed, he would always be enabled to protect himself fully, if the property is sufficient for the purpose.

No reason at all satisfactory to our minds has been suggested in answer to the claim to subrogation. The mort-

gagor certainly cannot object, as it does not in any way affect his legal rights.   He is not liable otherwise, or to any greater extent, after the first lien is transferred, than he was before.   Nor can the mortgagee object if he is fully paid, for he has no right to any thing beyond that. It may be said that, while he is obliged to receive payment, he is not obliged to sell his demand; but the law determines what shall be the effect of payment, when one makes it to protect a subsequent interest, and the party cannot prevent the legal incidents attaching, by refusing his assent. It is not strictly a sale, but there has been redemption under circumstances which the law says shall entitle the party redeeming to subrogation.   And he demands and receives an assignment by way of evidencing this right.

It is objected, that the bill shows the payment to have been first made, and an assignment demanded on a subsequent occasion.   We do not think this the fair construction of the bill.   It is consistent with its allegations, that the assignment was demanded immediately after payment was made, and we need not therefore consider what would have been the effect of a neglect to make demand at once.

It is also objected, that complainants were premature in demanding a right to redeem before they had sold on execution; but we think they had the right so soon as they had acquired a lien which might be lost or jeoparded by the enforcement of the mortgage.

It is also insisted, that the bill shows no jurisdiction in equity, because it does not aver the property to be of more than a hundred dollars in value.   But the test is, the amount of the lien demanded; which is largely in excess of that sum.

We think the decree was correct, and that it should be affirmed, with costs.

The other Justices concurred.