JOSIAH P. SHUTES AND OMAR L. HOYT v. WILLIAM H. WOODARD.

*Tender necessary to redeem—Agent's power—Proof of agency.*

1. One who seeks to obtain the discharge of a mortgage lien or an assignment of the mortgage or subrogation to the mortgagees' rights, must tender not only the amount due on the mortgage but the necessary expenses already incurred in taking steps to enforce the security.

2. An agent empowered to redeem from a mortgage has authority to pay not only the amount due thereon but to bind his principal to pay whatever expense has already been necessarily incurred in taking steps to enforce the security.

3. A judgment depending on proof of agency will not be reversed for the error of admitting such evidence thereof as the agent's testimony or his admissions after the agency ended, if there is conclusive proof besides.

Error to Kalamazoo. (Mills, J.) April 16.—June 10.

ASSUMPSIT. Defendant brings error. Reversed.

*Howard & Roos* for appellant.

*Oscar T. Tuthill* for appellee.

CHAMPLIN, J. The plaintiffs were mortgagees of a half interest in 45 acres of wheat on the ground in the fall of 1882, to secure the payment of $200 owing to them by one Norman Hayes, who was not the owner of the other half interest ; which debt became due and payable on or before October 12, 1883. Defendant subsequently became a judgment creditor of Hayes for $125 and costs, and levied an execution upon his undivided half interest in the wheat, whereupon Hayes notified plaintiffs that he did not intend to harvest the wheat; and they, to protect their mortgage interest, went on and cut it, stacked a part of it, and were about to thresh it, when defendant sent the constable making the levy, Rush Barney, as his agent, to plaintiffs, to redeem from their mortgage. At this interview the amount of principal and interest due to the plaintiffs upon the mort-

gage being ascertained, a tender thereof was made, when plaintiffs claimed the further sum for expenses in cutting and stacking the wheat, and, as they say, it was promised to be paid them by defendant's agent upon their accepting the amount tendered and assigning the mortgage as they were bound to do. Possession of the property was taken by defendant, the wheat threshed, the half of the wheat, 374 bushels, drawn away and stored in his name, and sold on the execution, and afterwards sold by him under the mortgage, retaining all the proceeds thereof. A few days after the transfer of the mortgage plaintiffs demanded their pay for harvesting the wheat, and the bills of the men employed in doing it were presented, defendant referring them all to Barney to settle therefor. Plaintiffs, failing to get any satisfactory adjustment, brought suit, and maintained it in justice's court and on appeal in the circuit.

The principal contest on the trial in the court below was as to the extent of the authority of Mr. Barney, who was the constable holding the levy, and whom defendant employed to make a tender of the amount due upon the mortgage. The defendant claims that he, as execution creditor, holding a levy upon the growing crop covered by the chattel mortgage of plaintiffs, was, on redeeming therefrom, only obliged to pay the principal and interest due thereon.

This claim would be correct, if nothing had been done by the mortgagee towards the foreclosing of his mortgage, or if he had incurred no expense in enforcing his security. It is evident, however, that the levy of the execution creditor covers only the mortgagor's equity of redemption, and, in redeeming, the execution creditor is bound to pay what the mortgagor would be required to do to accomplish the same purpose. And when the mortgagee has incurred expense in taking possession of the property for the purpose of foreclosing, the mortgagor, when he comes to redeem, will be required to pay such expenses.

In the present case the mortgagor could not have redeemed at the point of time the defendant attempted to, without paying to the plaintiffs the expense which they had necessarily

incurred in harvesting the crop. A tender of any less amount would have been ineffectual to discharge the lien. The defendant was required to tender the same amount to entitle him to be subrogated to plaintiff's rights, and to an assignment of the mortgage. Upon tendering a sufficient amount the defendant was entitled to an assignment of the mortgage from the plaintiffs. *Lucking v. Wesson* 25 Mich. 443.

The object the defendant had in view in making the tender was to obtain the right to be subrogated to the mortgagee's rights, and consequently to an assignment, either in law or in fact, of the mortgage, and in employing Barney to make the tender, he, in effect, authorized him to do all that was necessary to be done to accomplish that purpose. Barney, as the jury must have found under the instruction of the court, agreed with the plaintiffs to pay them the amount of the principal and interest due upon their mortgage, and to pay them the expense of harvesting the grain. This agreement was directly within the scope of his employment, and, without doing which, no valid redemption could have been made. Upon the strength of this agreement the plaintiffs executed the assignment, and defendant took possession of the assigned property. He refuses to pay the expenses of harvesting. He was legally bound to do this in order to redeem. He promised, through his agent, to do so, and there is nothing in the record before us which shows that any other result ought to have been reached than was by the verdict; and the judgment should be affirmed.

There were errors in the reception of testimony, such as proving the admissions of the agent after his agency had terminated, and also the authority of the agent by his own oath ; but as the agency was abundantly proved for the purpose above stated, and, in the view we have taken of the case, the errors did not injure the defendant,

The judgment will not be reversed for such errors.

SHERWOOD and CAMPBELL, JJ. concurred. COOLEY, C. J. did not sit.