WINEMAN v. FISHER ELECTRICAL MANUFACTURING CO.[1]

1. CHATTEL MORTGAGES—LEGAL TITLE.

A chattel mortgage does not transfer the legal title to the mortgagee, but affords a security merely.

2. SAME—ASSIGNMENT FOR CREDITORS—LABOR CLAIMS.

A chattel mortgage executed by an insolvent to secure a creditor is not an assignment for the benefit of creditors, within 3 How. Stat. § 8749o, providing that a person having a preferred labor claim against an insolvent may proceed in chancery for the appointment of a receiver, if a common-law or other assignment for the benefit of creditors shall have been made by the insolvent.

Appeal from Wayne; Adams, J., presiding. Submitted October 19, 1898. Decided December 6, 1898.

Bill by Hugo A. Wineman against the Fisher Electrical Manufacturing Company and others to enforce a labor claim, under 3 How. Stat. § 8749o. From a decree dismissing the bill, complainant appeals. Affirmed.

*William Stacey*, for complainant.

*George W. Bates*, for defendants.

MONTGOMERY, J. The bill is filed in this case under the provisions of 3 How. Stat. § 8749m, to enforce a labor debt against the property of the Fisher Electrical Manufacturing Company, on the ground that certain chattel mortgages had been given on this property, which it is alleged is not sufficient to satisfy said mortgages and the labor claim of complainant. The bill prays that the said labor debt be decreed to be a preferred claim against the assets of the said Fisher Electrical Manufacturing Company, according to the provisions of said act, and that a

---

[1] Rehearing denied May 23, 1899.

receiver be appointed to collect the assets, and dispose of sufficient of them to pay said claim and the costs and expenses of these proceedings. The answer denies that the complainant's claim is a labor debt, within the meaning of the statute, and further denies that complainant is entitled to relief in a court of equity under the averments of the bill.

The section of the statute giving a remedy in equity is 8749*o*, and reads as follows:

"Any person having a preferred claim hereunder * * * may proceed in chancery for the appointment of a receiver, and the marshaling of assets, and the application thereof to the payment of the claim or claims involved, *pro rata* or otherwise, in case of any fraud affecting such claim or claims, or the recovery, satisfaction, or payment thereof, or if a common-law or other assignment for the benefit of creditors shall have been made by the defendants or any of them."

The bill does not set up any fraud affecting complainant's claim, or the recovery, satisfaction, or payment thereof. The question, therefore, is whether a chattel mortgage is a common-law or other assignment for the benefit of creditors, within the meaning of this statute. It is clear that a chattel mortgage does not fall within the ordinary meaning of these terms. An assignment for the benefit of creditors is understood to mean a transfer for the benefit of the creditors generally, and not a security by way of mortgage given to one. Indeed, it is conceded that a chattel mortgage is not a general assignment for the benefit of creditors. But it is contended, *first*, that a chattel mortgage is an assignment, for the reason that it transfers the legal title, and, *second*, that, even if it does not transfer the title, but is treated merely as a security, yet it is within the definition of an assignment. To sustain the contention that a chattel mortgage is a transfer of the legal title, *Tannahill* v. *Tuttle*, 3 Mich. 104 (61 Am. Dec. 480), is cited. This decision has since been modified. *Lucking* v. *Wesson*, 25 Mich. 443; *People* v.

*Bristol*, 35 Mich. 28, in which latter case Mr. Justice CAMPBELL said:

"Under the decisions of this court, mortgaged chattels do not cease to belong to the mortgagor until some steps are taken to end his rights by the enforcement of the mortgage. The mortgage is a mere security to the mortgagee, and not a transfer of title."

While a chattel mortgage may, in a narrow sense, be said to be an assignment, it is not an assignment for the benefit of creditors, within the usual acceptation of that term. *Sheldon* v. *Mann*, 85 Mich. 265; *Warner* v. *Littlefield*, 89 Mich. 329. It would be an enlargement of this statute, not warranted by the text, to hold the terms employed to include chattel mortgages.

The decree dismissing the bill is affirmed.

The other Justices concurred.