### SCHMITTDIEL *v.* MOORE.[1]

1. MORTGAGES—TENDER.

  A tender of payment of a mortgage by a junior incumbrancer, accompanied by a demand for an assignment, does not extinguish the mortgage.

2. SAME—CONVERSION BY SENIOR MORTGAGEE—TROVER.

  A junior mortgagee may maintain trover against a senior mortgagee who converted the security after the junior incumbrancer had tendered him the amount of the senior mortgage.

3. SAME—MEASURE OF DAMAGES.

  The measure of damages in such action, where the property equaled in value both mortgages, is the amount of the junior lien.

---

[1] Rehearing denied July 11, 1899.

Error to Wayne; Donovan, J. Submitted November 15, 1898. Decided May 23, 1899.

Trover by John S. Schmittdiel, trustee, against Joseph B. Moore, trustee, John Hurley, and John H. Walsh. From a judgment for plaintiff, defendants bring error. Affirmed.

W. F. Atkinson and John Miner, for appellants.

George W. Radford and T. E. Tarsney (Moore & Moore, of counsel), for appellee.

MONTGOMERY, J. This case has once been considered in this court. A report of the former hearing will be found in 101 Mich. 590. The facts of the case as they appeared on that hearing are fully set out, and we need not repeat them here. It will suffice to refer to such additional facts as were made to appear on the second trial. On the former hearing the case was reversed for the reason that the testimony failed to show that the tender made on behalf of plaintiff was absolute, but that it was made a condition to the acceptance of such tender that the first mortgagee assign to plaintiff, not only the first mortgage, but certain notes containing the indorsement of John Hurley. On the second trial the testimony tended to show, and the jury found, that a tender was made, accompanied by a demand of an assignment of the mortgage only. This occurred after the first tender was made, and there is in the record abundant testimony to support the finding of the jury in that regard.

It is contended by defendants' counsel that the effect of the tender, accompanied by a demand of an assignment of the mortgage, did not operate to discharge the first mortgage, and that the plaintiff's remedy for the refusal to accept the tender is equitable, and not legal. This precise question was not considered in our former opinion, and, so far as the record discloses, has never been decided in this State. The decisions are abundant that a tender

of absolute payment discharges the lien of the mortgage. It is equally clear that a subsequent incumbrancer may tender payment. *Sager* v. *Tupper*, 35 Mich. 134; *Proctor* v. *Robinson*, Id. 294; *Lucking* v. *Wesson*, 25 Mich. 443. But does a tender of payment, accompanied by a demand for an assignment, extinguish the mortgage? It is not the purpose of such a tender. The purpose on the part of the subsequent incumbrancer is to keep the lien alive, and to enforce it against the general owner. In *Proctor* v. *Robinson*, *supra*, the question was whether Robinson had discharged the incumbrance by a tender. The court said:

"Before yielding to a defense of such a nature, and causing such a result, the court is bound to insist on clear proof, and such proof has not been given. On the contrary, the whole facts lead to an opinion that there was no tender, in the sense of an offer made and understood as one to cancel the lien, and the theory of the defense required the establishment of a tender of that kind. An offer of money by a subsequent incumbrancer for the purpose of acquiring a prior incumbrance, or as a step preparatory to a bill to redeem, is quite different in its spirit and equitable bearings."

In *Frost* v. *Yonkers Savings Bank*, 70 N. Y. 553 (26 Am. Rep. 627), which was a case of refusal by the first mortgagee of a tender by a subsequent mortgagee, with a demand for an assignment, such as made in this case, the court say:

"If one desires to make a tender which shall destroy the lien of an incumbrance, and have, so far as concerns it, the effect of payment, he must make an absolute tender of payment, which, if received, will discharge the debt and the incumbrance. Here no such tender was made. What the plaintiff did was a tender in the exercise of his right of redemption, with a demand that the mortgage and judgment be transferred to him. He desired to become a purchaser of the securities, and in such case the tender does not operate to destroy the securities, but gives the party a footing in equity to compel the transfer demanded, if he is otherwise entitled to it. Hence it was properly held below

that the tender did not cancel or discharge the lien of the mortgage or judgment." ·

In Sheld. Subr. § 16, the English rule is stated as follows:

"The prior mortgagee ought, without judicial proceedings, to accept an offer of payment made to him by a junior incumbrancer, and thereupon to convey to him the mortgaged estate, with or without the concurrence of the mortgagor; and, if he refuses to do so on demand, and subsequently acquires from the mortgagor the equity of redemption, which was of sufficient value to pay the junior incumbrance, he will be himself held for the amount of the latter."

We think that these authorities, to the extent that they assert that a tender of payment on condition that an assignment be made does not operate to discharge the prior incumbrance, state a reasonable and just doctrine.

The second mortgagee may or may not be damaged by the refusal of the prior incumbrancer to assign. If the prior incumbrance exceeds in amount or equals the value of the property, it is difficult to see how the second incumbrancer is in any way damaged by such a refusal. True, in the protection of his interest, the second mortgagee has the right to become a purchaser, but it would seem that, if this right be enforced in his favor in equity, and particularly if he is fully protected to the extent of the value of his security as it was at the date of the tender, this is the extent to which the law ought to go in his protection. While the cases cited contain expressions indicating that there is a remedy in equity, we do not think it follows that the sole remedy is equitable. After such a tender, the first mortgagee is not entitled to cut off the right of the junior incumbrancer to the value of the property in excess of his (the first mortgagee's) lien. The plaintiff, as mortgagee, may maintain trover for conversion of the property by one who, as against him, has no right to dispose of the property. *Grove* v. *Wise*, 39 Mich. 161; *Wright* v. *Starks*, 77 Mich. 221. After the tender

by the plaintiff, the mortgagee had no right to dispose of the equity of redemption in such manner as to impair plaintiff's rights.

The circuit judge stated in his charge that it was conceded that there was property enough to pay both mortgages. This does not appear to have been challenged at the time, although error has since been assigned on it; but we think it a fair statement of the testimony. This being so, the plaintiff's damages would be the amount of his mortgage.

It is contended that Moore and Hurley were not responsible for the conversion. The assignment to Walsh was made after the demand, but with the intention of continuing the foreclosure proceedings to sale. This was in fact done, Mr. Atkinson acting on behalf of all the parties. We do not think any injustice was done in holding them all responsible.

Error is assigned on the charge of the court; but, in view of the special findings by the jury, we think no error to the prejudice of the defendants was committed.

Judgment affirmed.

The other Justices concurred.