HANNAH & HOGG *v.* RICHTER BREWING CO.

FRAUDULENT CONVEYANCES—SALES IN BULK—WHAT CONSTITUTE —CHATTEL MORTGAGE.

> The giving of a chattel mortgage upon a stock of goods is not a sale, transfer, or assignment in bulk within the meaning of the sales in bulk act, so called (Act No. 223, Pub. Acts 1905), a chattel mortgage being neither a sale nor an assignment in this State.[1]

Appeal from Delta; Stone J. Submitted April 12, 1907. (Docket No. 80.) Decided July 13, 1907.

Bill by Hannah & Hogg against the Richter Brewing Company and others to set aside certain conveyances on the ground of fraud. From an order sustaining a demurrer of defendant Richter Brewing Company, complainant appeals. Affirmed.

*A. H. Ryall,* for complainant.

*Cummiskey & Spencer,* for defendant brewing company.

McALVAY, C. J. But one question is involved in this appeal, and that is whether the giving of a chattel mortgage is a sale, transfer, or assignment, in bulk, within the meaning of Act No. 223, Pub. Acts 1905, entitled "An act to regulate the sales, transfers and assignments of stocks of goods, merchandise and fixtures, in bulk." Defendant Oliver Hotel Company, in connection with its business, conducted a bar where liquors were sold. On February 21, 1906, it gave defendant Richter Brewing Company a chattel mortgage upon the entire bar fixtures pertaining to its liquor business, and afterwards made a sale in bulk of the same property to the other defendants.

---

[1] As to the validity and construction of statutory requirements on sale of stock of goods in bulk, see note to *Everett Produce Co.* v. *Smith* (Wash.), 2 L. R. A. (N. S.) 331.

The hotel company was, before giving this chattel mortgage, indebted to complainant, which, on May 29, 1906, put its claim into judgment for $273 damages and $2.95 costs of suit. On June 5, 1906, an execution issued and a levy was made upon this property, and demand was made of defendants to turn the same over to complainant and release all claim of ownership or title thereto. This demand was refused, and the bill of complaint in this case was filed, upon the theory that the disposition of this property was within the prohibition of the statute invoked, and complainant asked the court to declare the instruments void for that reason, and prayed for other relief. Defendant Richter Brewing Company demurred, raising the question involved. The demurrer was sustained, and a decree entered dismissing the bill of complaint as to demurring defendant.

So much of this statute as is now necessary to quote provides: "The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade, and in the regular and usual prosecution of the business of the seller, transferror or assignor, shall be void as against the creditors of the seller, transferror, assignor, unless," etc., giving the notice and proceedings necessary in order to make the transaction valid. While many of the courts hold to the common-law doctrine that a chattel mortgage is an instrument of sale conveying the title of the property, this court has held that the true relation of parties to a chattel mortgage is that of debtor on one side and creditor secured by lien on the other. *Lucking* v. *Wesson*, 25 Mich. 443. And also that the title of a mortgagee of chattels does not become absolute until foreclosure and sale. *Kohl* v. *Lynn*, 34 Mich. 360, and cases cited. It is the settled law of this State that a chattel mortgage is not an assignment. *Sheldon* v. *Mann*, 85 Mich. 265; *Warner* v. *Littlefield*, 89 Mich. 329; *Wineman* v. *Manufacturing Co.*, 118 Mich. 636. To

find the legislative intent in construing a statute it is proper for the court to consider the entire statute, the ordinary meaning of the words used, the object of the legislation, and the status of the law of the State in relation to the subject-matter under discussion. The terms, "sale, transfer or assignment," used in the entitling and in the body of the act, taken in their usual and ordinary signification, mean the disposition of the entire title of the seller. This meaning is indicated by the provision in the statute relative to notice required to be given to creditors as follows, " and unless the purchaser, transferee and assignee shall, at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally, or by registered mail, every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed *sale* and of the price, terms and conditions thereof." Taking this language and the other language of the act, it is apparent that its object was to regulate those sales made of an entire stock upon an immediate payment and change of possession, and which before the act might have been valid, although in fact a fraud upon creditors. To hold a chattel mortgage within the meaning of the statute it is necessary to hold that it is a *sale* within the common acceptation of that term, transferring the entire title, and entitling the vendee to immediate possession. This, by the specific terms of this mortgage, which are the same as those of chattel mortgages generally in this State, and under our decisions above cited, cannot be done. The argument is advanced that, having adopted this statute, the court will follow the construction given by the courts of those States from which it is taken. The custom referred to has no binding force upon the courts of the adopting State. In the case at bar the custom cannot be followed, for the reason that no construction has yet been given upon the point involved, and, if construction had been given favorable to complainant, it could not be followed because those States accept the common-law doctrine that

a chattel mortgage is an instrument of sale conveying the title of the property, which, as above shown, does not prevail in this State.

It is also urged that the court must hold chattel mortgages within the meaning of the act in order to remedy the mischief sought to be cured. While it is true that the act is intended to prevent certain debtors from defrauding their creditors, it is not for the courts to give the statute a construction it will not bear, because the legislature has not included within its prohibition certain transactions whereby frauds may be and undoubtedly are perpetrated. That is a matter for the consideration of the legislative branch of the government.

We agree with the learned circuit judge that chattel mortgages are not included in the act.

The decree is affirmed, with costs.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.