## AMERICAN STEEL & WIRE CO. v. DEDRICK.

1. CHATTEL MORTGAGES—BULK SALES LAW—STATUTES.

A chattel mortgage on a stock of goods is not a sale, transfer or assignment in bulk within the bulk sales act (2 Comp. Laws 1915, § 6346 *et seq.*).

2. SAME—BILL OF SALE—INTENT OF PARTIES.

An instrument, purporting to be a bill of sale of a stock of goods, providing that in consideration of the sale and delivery of designated personal property the second party agrees to allow the first party as a credit on his indebtedness to the second party a sum equal to that realized from a sale of such property by such second party, less necessary expenses of taking, caring for, keeping, and selling the same, and stating that the indebtedness is in the form of a certain note which the first party agrees to pay and further providing that any excess of collateral upon the note shall be applicable upon any other note held by such second party against the first party, must be construed as a chattel mortgage, especially where the parties place such construction upon the instrument.

3. APPEAL AND ERROR—REVIEW.

A garnishee defendant who fails to appeal from the judgment of the trial court finding that he has in his possession a certain sum of money for which he is liable cannot, on appeal, complain of the judgment.

Error to Cass; Des Voignes, J. Submitted April 9, 1917. (Docket No. 96.) Decided June 1, 1917.

Garnishment proceedings by the American Steel & Wire Company against John Dedrick as garnishee defendant of Fred Dedrick. Judgment for plaintiff for less than amount claimed. Plaintiff brings error. Affirmed.

*Walter C. Jones,* for appellant.

*Otis Huff,* for appellee.

KUHN, C. J. On September 15, 1915, the plaintiff recovered a judgment against the principal defendant in the sum of $396.64 damages and $30.05 costs. On January 26, 1916, plaintiff filed an affidavit of garnishment, claiming the amount of its judgment and costs, with interest, as due to it, and alleged that John Dedrick, the garnishee defendant, had taken the stock of goods of the principal defendant without complying with Act No. 223 of the Public Acts of 1905 (2 Comp. Laws 1915, §§ 6346-6348), known as the "sales in bulk law." The garnishee defendant filed a written disclosure, claiming that he had no money or effects in his possession belonging to the principal defendant. It appears that Fred Dedrick was in the hardware business in Marcellus some time during the year 1914, and that about that time he secured from his father, the garnishee defendant, the sum of $1,450; that he became involved later on in some financial trouble by reason of an official position which he held, and it became necessary for him to raise some more money, and his father gave him $2,600. At that time, on or about the 3d of June, 1914, the loan was secured by a bill of sale, which on the same date was recorded in the office of the township clerk. Fred Dedrick remained in possession of the stock and went on with

the business until the garnishee defendant foreclosed the bill of sale in October, 1915. The stock was taken by a deputy sheriff and sold on October 12th at public sale to the garnishee defendant for the sum of $3,500.

The real question which is here presented is whether the bill of sale given by the principal defendant to the garnishee defendant, and the transfer of the property covered by it, constituted a violation of the so-called "sales in bulk law." The bill of sale in question contained among its provisions the following:

"In consideration of the sale and delivery of the above-described personal property, said second party hereby agrees to allow said first party, as a credit on his indebtedness to the second party, a sum equal to the amount realized from the sale of said personal property by said second party, less the necessary expenses of taking, caring for, keeping, and selling the same. It is agreed that the indebtedness of the party of the first part to said John Dedrick is as represented by one promissory note, to wit, one note of $2,600, dated March 26, 1914, due March 26, 1915, upon which said note there is unpaid and owing by the party of the first part to the party of the second part, at the date hereof, the sum of $2,600, which said sum, less the net amount realized by sale of property, as herein provided, said first party hereby agrees to pay. Any excess of collateral upon this note shall be applicable to any other note or claim held by said second party against the undersigned."

While it is inartificial in construction, a reading of this instrument is convincing that it was given as security, and was intended as a chattel mortgage, and was so construed by all the parties in interest. Possession of the stock was not taken at the time the bill of sale was given, and the principal defendant remained in possession and conducted the business for upward of 16 months after that time. Although no power of sale was given in the instrument itself, an attempt was made to foreclose it as a chattel mort-

gage, and the property was sold at public auction. Having been treated as a chattel mortgage, it should be now so construed. *Cooper* v. *Brock*, 41 Mich. 488 (2 N. W. 660). In *Hannah & Hogg* v. *Richter Brewing Co.*, 149 Mich. 220 (112 N. W. 713, 12 L. R. A. [N. S.] 178, 119 Am. St. Rep. 674, 12 Am. & Eng. Ann. Cas. 344), this court held that the giving of a chattel mortgage is not a sale, transfer, or assignment in bulk within the meaning of the "sales in bulk law." Being of the opinion that this bill of sale should be treated as a chattel mortgage, it follows that the giving of it did not bring the transaction within the provisions of said law.

The trial judge, upon a computation which he made of the state of account between the parties, found that the garnishee defendant had in his possession the sum of $250, that he was liable for, and a judgment was entered in favor of the plaintiff and against the garnishee defendant in that sum. Complaint is made by counsel for the garnishee defendant as to this action of the trial court; but, he not having appealed, no relief can be given him here.

The judgment of the trial court must therefore be, and is hereby, affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.