GENERAL MOTORS ACCEPTANCE CORP. *v.* LEE.

1. CHATTEL MORTGAGES—RELATION OF PARTIES IS THAT OF DEBTOR AND CREDITOR.

Although at common law a chattel mortgage was considered an instrument of sale, conveying title to the mortgagee, in this State it is held that the true relation of the parties is that of debtor on one side and creditor secured by lien on property on the other.

2. SAME—LIABILITY OF MORTGAGEE FOR PURCHASE PRICE.

> Under written instrument executed by purchaser mortgaging automobile to secure payment of purchase price, and promising to pay any deficiency arising on foreclosure, purchaser is liable in action for balance due after automobile has been rendered practically worthless by collision, although there is no express promise to pay in said mortgage, and no note or other evidence of indebtedness is secured thereby.

Appeal from Muskegon; Vanderwerp (John), J. Submitted July 30, 1931. (Docket No. 151, Calendar No. 35,557.) Decided December 8, 1931.

Assumpsit by General Motors Acceptance Corporation, a corporation, assignee of chattel mortgage, against John Lee for the balance of the purchase price of an automobile. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Lou L. Landman,* for plaintiff.

SHARPE, J. On June 4, 1929, the defendant executed a written instrument, from which we quote:

"The undersigned mortgagor hereby purchases from the undersigned mortgagee, subject to the terms and conditions hereinafter set forth, the following property, complete with standard attachments and equipment, delivery and acceptance of which is hereby acknowledged by mortgagor, viz.:

"One—New or used, new. Year, model, 1929. Make, trade name, Chevrolet. Type of body (if truck, give tonnage), coupe. Model letter or number, Int. Motor No., 787848. Manufacturer's Serial No., 1AC65891.

"For a total time price of $729.20, payable as follows: $235 on or before delivery, leaving a deferred balance of $494.20 payable at the office of

General Motors Acceptance Corporation to be hereafter designated by it, in installments of $42.  *  *  *

"To secure payment of the purchase price, the mortgagor does hereby grant, bargain, sell and mortgage unto said mortgagee, the above described personal property to have and to hold unto said mortgagee, his personal representatives, successors and assigns forever."

It contained the usual provision that in the event of default, etc., "the full amount shall be immediately due and payable," which was followed by an authorization on the part of the mortgagor that in such event a judgment by confession might be entered against him. The usual provision for foreclosure by sale of the mortgaged property followed, and "in case of deficiency the mortgagor shall pay the same with interest."

It was also executed by the Forberg-Paulson Company as seller—mortgagee. On June 7th the mortgagee duly assigned all its rights under this instrument to the plaintiff. The defendant made two payments thereon, amounting to $74, leaving a balance unpaid thereon of $420.20.

The automobile was damaged in a collision at Urbana, Ohio, so as to render it practically worthless. After some ineffectual efforts at adjustment, the plaintiff brought this action to recover the balance due it under the mortgage and assignment. The amount thereof is not in dispute. The issue was tried before the court without a jury. He held that there was no promise to pay in the mortgage and that all the mortgagee "obtained by the instrument" was "a mortgage upon the car for the payment of the money secured thereby," and entered a judgment for the defendant, of which plaintiff seeks review by appeal.

No note or other evidence of indebtedness was secured by the mortgage. At common law a chattel mortgage was considered an instrument of sale, conveying the title to the mortgagee. In this State it has uniformly been held that—

"The true relation of the parties is that of debtor on the one side, and creditor secured by lien on property upon the other." *Lucking* v. *Wesson,* 25 Mich. 443, 445.

See, also, *Hannah & Hogg* v. *Richter Brewing Co.,* 149 Mich. 220 (12 L. R. A. [N. S.] 178, 119 Am. St. Rep. 674, 12 Ann. Cas. 344).

While there is no express promise to pay in the mortgage, it clearly appears that it was executed to secure the payment of the balance due upon the car and contains an unqualified promise on the part of the defendant to pay any deficiency arising upon foreclosure.

The defendant has not appeared or filed any brief in this court. We cannot but conclude on the record before us that the court was in error in entering a judgment for the defendant, and an order will be entered setting it aside, with costs to plaintiff, and the cause remanded, with directions to enter a judgment for the amount due plaintiff.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, North, and Fead, JJ., concurred.