In re THOMPSON.

(District Court, W. D. Washington, S. D.   May 23, 1917.)

No. 2175.

1. FRAUDULENT CONVEYANCES ⬡182(5)—SALES IN BULK—GRANTEE AS TRUSTEE FOR CREDITORS.

Under the Washington Sales in Bulk Law (Rem. & Bal. Code, §§ 5296–5299), requiring any person purchasing any stock of goods in bulk before paying therefor to demand and receive from the seller a verified list of the seller's creditors, and making sales and transfers without complying therewith fraudulent and void, the purchaser becomes a trustee for the creditors named in the verified list, and if the trust is executed before notice that there are other creditors the purchaser is protected, but where a large number of creditors is omitted from the list furnished, and notice of such fact is brought home to the purchaser before the money is paid, he holds it in trust for all of the creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 575, 576.]

2. FRAUDULENT CONVEYANCES ⬡47—SALES IN BULK. ·

Under the Washington Sales in Bulk Act, when a transfer of a stock of goods is not accompanied by a verified list of creditors, or where a large number of creditors is omitted from the list furnished, and the purchaser has notice thereof before the purchase price is paid, the transfer is fraudulent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 34.]

3. BANKRUPTCY ⬡142—PROPERTY VESTING IN TRUSTEE—PROPERTY FRAUDULENTLY CONVEYED.

Under Washington Sales in Bulk Act and Bankruptcy Act July 1, 1898, c. 541, § 70, pars. 4, 5, 30 Stat. 565 (Comp. St. 1916, § 9654), providing that the trustee becomes vested with the title of the bankrupt of property transferred by him in fraud of his creditors, and property which might have been levied upon and sold under judicial proceedings against him, and Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 (Comp. St. 1916, § 9651), providing that all conveyances within four months which are void by the laws of the state shall be void and the property shall pass to the assignee and be by him recovered for creditors, where the purchaser of a stock of goods in bulk was furnished a verified list of the vendor's creditors, which omitted a number of creditors, and the purchase price had not been paid when bankruptcy intervened, the trustee was entitled to the purchase price for the benefit of all the creditors as against those creditors named in such list.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 222.]

In Bankruptcy. In the matter of Peter Thompson, bankrupt. On review of an order of the referee. Order confirmed.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. W. Keyes, of Tacoma, Wash., for trustee.
Nelson R. Anderson, of Seattle, Wash., for petitioner.
E. R. York, of Tacoma, Wash., for purchaser.

NETERER, District Judge. The bankrupt and wife transferred their entire stock of merchandise and attached to the bill of sale a verified list of creditors, in compliance with the Sales in Bulk Act of Washington (sections 5296–5299, Rem. & Bal. Code; Laws 1901, chapter 9, page 222), omitting eight creditors from this list. Thereafter an order of adjudication in bankruptcy was entered, and at the first meeting of creditors 8 creditors not included in the list of creditors attached to the bill of sale and 15 creditors included in the list, participated and elected a trustee. The trustee, after qualification, made demand upon the purchaser of the stock of merchandise for the proceeds of the sale, $7,619.47. Payment not being made, an order to show cause was issued by the referee, to which answer was made by the purchaser that Thompson and wife "sold and by their bill of sale in writing, for the express consideration of $10 and other considerations, granted and conveyed to Rhodes Bros., Incorporated, certain stock of goods and merchandise located in said city of Tacoma, then owned by the grantors herein and attached to said bill of sale was a duly verified statement giving the names, addresses, and amount of the creditors of the said Peter Thompson and Alma Thompson, his wife, as required by the Sales in Bulk Act of the state of Washington, being sections 5296–5299 of Rem. & Bal. Annotated Codes and Statutes of Washington, and said bill of sale, with the attached verified statement of creditors was on March 8, 1917, filed for record in the office of the auditor of Pierce county, Washington; * * * that under and pursuant to said sale of said goods and merchandise said stock of goods was delivered by said vendors to and was taken into the possession of said vendee and has since been sold in the regular course of trade; that the actual and agreed consideration for the sale of said stock of goods and merchandise was the sum of $7,619.47, which sum has not yet been paid; that certain persons, firms, and corporations, other than and in addition to those named in said verified statement of creditors, have asserted and notified said Rhodes Bros. that they are, and at the time of sale of said stock of goods were, creditors of said Peter Thompson, and claimed the right to share in the proceeds of the sale of said stock of goods; that said Rhodes Bros. is ready and willing to pay the agreed purchase price of $7,619.47 for said stock of goods to whoever may be lawfully entitled thereto as soon as it can be ascertained and adjudged to whom said sum should rightfully and lawfully be paid"—and then pray that all parties interested in the said stock "may be brought into this court, and that such proceedings may be taken herein as shall lawfully adjudge and determine to whom said money should be paid and as shall fully protect it from any further liability to the said vendors and their creditors. * * *"

The Western Dry Goods Company, a creditor named in the verified list of creditors, made a special appearance and filed an answer denying the court's jurisdiction, and that the trustee had no right or in-

terest in the proceeds, but that the proceeds are the property of the creditors named in the verified list of creditors attached to the bill of sale, and prays that the order be quashed. The prayer was by the referee denied, and the purchaser ordered to pay the proceeds to the trustee, and the matter is now before the court upon a petition to review such order.

Under the provisions of the Bankruptcy Act the trustee, upon qualification, became vested by operation of law with the title of the bankrupt of "property transferred by him in fraud of his creditors" (paragraph 4, § 70), and "property which prior to the filing of the petition * * * might have been levied upon and sold under judicial process against him" (paragraph 5, § 70, Bankr. Act, supra). "All conveyances * * * made * * * within four months * * * while insolvent, which are held null and void * * * by the laws of the state, * * * shall be deemed null and void under this act * * * if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him * * * recovered * * * of the creditors of the bankrupt." Section 67e, Bankr. Act, supra. And for such purpose federal courts have jurisdiction.

[1, 2] Upon the sale of the property the purchaser became a trustee for the creditors named in the verified list, and, if the trust had been executed before notice that there were other creditors, would have been protected. Friend v. Rosenfeld-Rovig Co., 87 Wash. 329, 151 Pac. 776. The unexecuted trust created by the sale and verified list of creditors was extended into a general trust for all creditors, of which the purchaser obtained notice. Friend v. Rosenfeld-Rovig Co., supra. The purpose of the Sales in Bulk Act of Washington was not to protect an insolvent and assist him in carrying out a scheme to defraud by operation of law, and prefer some creditors, but was to protect a purchaser and all creditors. By the provisions of the act, if the affidavit is not taken, or the purchaser does not see that the purchase price is applied to the payment of the claims of the vendor's creditors, such sale "shall be fraudulent and void." When a transfer is not accompanied by a verified list of creditors, or where a large number of creditors is omitted from a furnished list, and notice of such fact is brought home to the purchaser before the money is paid, the transfer must be held fraudulent, and the purchaser must be held to hold in trust for all the creditors the proceeds of such sale or transfer.

[3] This transfer was made within four months. The verified list of creditors omitted eight creditors, and as to them the sale was fraudulent and can be avoided by notice to the purchaser. Friend v. Rosenfeld-Rovig Co., supra. The purpose of the statute being to protect the creditors of the vendor, its language must be construed to effectuate the purpose intended. Kasper v. Spokane Merchants' Ass'n, 87 Wash. 451, 151 Pac. 800. The Western Dry Goods Company, the appearing creditor, has no standing in this court as against the trustee in this proceeding. It has no interest in, title to, or lien upon the funds in issue (Kasper v. Spokane Merchants' Ass'n, supra), and hence may not be heard. The Sales in Bulk Act, supra, does not purport to vest title in the creditors of the vendor to property conveyed; nor does it give to such creditors a specific lien upon such property. The

purchaser is the only interested party as against the trustee, and it has in writing consented to an adjudication of the issue in this proceeding by the relief prayed for.

The answer of the Western Dry Goods Company is dismissed, and the order of the referee confirmed.