No. 21,600.

B. F. SAUNDERS, *Appellee,* v. F. T. GRAFF et al., *Appellants.*

SYLLABUS BY THE COURT.

BULK-SALES ACT—*Effect on Exempt Personal Property.* The bulk-sales act does not modify, or curtail the benefits of, the act exempting certain personal property from sale on execution.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed June 8, 1918. Affirmed.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellants.

*J. S. Simmons,* and *K. K. Simmons,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the value of exempt property sold on execution. The plaintiff recovered, and the defendants appeal.

The plaintiff, Saunders, and the defendant, Graff, were partners engaged in conducting a grocery and bakery under the firm name of Graff & Saunders. In August, 1915, Graff sold his interest in the business to Saunders. In December, 1915, Saunders sold the grocery to Graff, but retained the bakery, moved it to another location, and there pursued his trade and business as a baker. The defendant, the Central Mercantile Company, obtained a judgment against the firm of Graff & Saunders, and seized and sold on execution the oven and other implements forming the bakery outfit belonging to Saunders. Graff was the purchaser at the execution sale.

The defense to the action was that the sale of December, 1915, was not made in compliance with the bulk-sales act. Graff's testimony was to the effect that he bought back both the grocery and the bakery, and then for a consideration turned the bakery over to Saunders. Saunders' testimony was that the negotiations produced the result stated, that is, that he turned the grocery back to Graff and kept the bakery. It must be assumed that the court accepted Saunders' version of the transaction. Saunders became sole owner of the bakery in August, 1915. From that time forward until the sale on execution he owned it, and there is no dispute that the oven and other implements sold on execution were exempt, as necessary for the purpose of carrying on Saunders' trade and business as a baker.

The bulk-sales act was not intended to modify or to curtail the benefits of the exemption law. It has been so decided in other states (*McCormick v. Kistler*, 175 Mich. 422, and *Rich v. C. Callahan Co.*, 179 Ind. 509), and it must be true that the bulk-sales act was intended to operate only on property toward which creditors may look for satisfaction of their claims. While the statute is remedial, in that it is designed to frustrate fraud, and for that reason is to be liberally construed (some courts have held otherwise), there is no fraud in withholding exempt property from satisfaction of a debtor's obligations. Creditors are not concerned with any disposition which the owner may make of it. The result is that whatever may be said of Saunders' sale of the grocery without complying with the bulk-sales act, his right to claim as exempt the bakery outfit which he retained was not impaired.

The judgment of the district court is affirmed.