No. 21,570.

THE LINN COUNTY BANK, *Appellant,* v. O. L. DAVIS et al (R. L. GLASCOCK, Garnishee, *Appellee*).

SYLLABUS BY THE COURT.

1. BULK-SALES ACT—*List of Creditors Furnished—Rights of Creditor Omitted from List.* Where upon the sale of a stock of merchandise the vendor furnishes a list of creditors, from which one is omitted, and the list is not verified by his oath, as required by the bulk-sales law, the title does not pass as against the omitted creditor, and he may follow the goods into the hands of the buyer.

2. SAME—*Stock of Merchandise—Chattel Mortgage is "Sale or Disposal" Within the Act.* A chattel mortgage of a stock of merchandise, at least when accompanied by the taking of possession by the mortgagee, is a "sale or disposal" within the meaning of that phrase as used in the provision of the bulk-sales law requiring a list of creditors to be furnished in order to render such a transaction valid.

3. SAME—*Stock of Merchandise—Chattel Mortgage—Sales Permitted—Mortgage Invalid.* A chattel mortgage on a stock of merchandise from which sales were permitted to be made by the mortgagor without any accounting, is held to have been invalid.

4. SAME—*One Creditor Omitted from Furnished List—Rights of Purchaser When Sued—Subrogation.* Where a purchaser of a stock of merchandise, who has been furnished with an unverified list from which one creditor is omitted, is innocent of intentional wrong, he is entitled, when sued by the omitted creditor, to be subrogated to the rights of the listed creditors, whose claims he has paid, and the plaintiff's recovery should be limited to that proportion of the value of the goods which his own claim bears to the total indebtedness of the vendor at the time of the sale, including a debt owing to the purchaser which formed the consideration for the transfer.

Bank v. Davis.

5. SAME — *Action by Creditor — Election of Remedies — Pleadings.* Although a creditor may invoke the benefit of the bulk-sales law by a direct action against one who has purchased goods without the requirements of that statute having been complied with, yet if he elects to proceed by garnishment, in an action on his claim against the seller, allegations regarding the sale have no office to perform in the petition.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed November 9, 1918. Reversed.

*Carr W. Taylor,* of Hutchinson, for the appellant.
*C. M. Williams,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: On March 20, 1917, O. L. Davis, a merchant, executed a bill of sale on his stock to R. L. Glascock, who took possession thereof. On March 24, 1917, the Linn County Bank, a creditor of Davis, brought an action against him upon its claims, and caused a garnishee summons to be served upon Glascock, who filed an answer denying any liability to Davis. The plaintiff took issue on this answer on the ground that the transaction between Davis and Glascock involved a violation of the bulk-sales law, inasmuch as it had been given no notice thereof. A trial resulted in a judgment in favor of the garnishee, and the plaintiff appeals.

1. At the time of the execution of the bill of sale the seller gave to the buyer a list of his creditors, complete except for the omission of the plaintiff. The buyer (the garnishee), having no knowledge of the existence of the plaintiff's claim, paid off all the other creditors. He contends that these facts protect him from liability, assuming that the bulk-sales law is applicable to the transaction.

There is some conflict of judicial opinion as to the effect of the omission of one or more creditors from a list otherwise properly furnished in accordance with the bulk-sales law, at the time of a sale of a stock of goods. In some jurisdictions it is held that in such a case the omitted creditors have no remedy against the buyer (*Coach v. Gage,* 70 Oregon, 182; *International Silver Co. v. Hull & Co.,* 140 Ga. 10), even if he learns of their claims before making payment. (*Glantz v. Gardiner,* 100 Atl. 913 [R. I. 1917].) A view more in keeping with the spirit

43—Kan.—3099.

and purpose of the statute is that the buyer is bound to hold any part of the price still under his control when he is advised of the existence of a creditor not mentioned in the list. (*In re Thompson,* 242 Fed. 602; see, also, *Rabalsky v. Levenson,* 221 Mass. 289.) Here the transfer of stock was made in consideration of a preëxisting debt, and it seems that (inasmuch as a release procured by the debtor's furnishing an incomplete list of creditors, in violation of the law, would be ineffective) the buyer would have parted with nothing in the transaction, and would therefore be answerable to the omitted creditor. That, however, need not be determined, for the same result follows from another circumstance. The statute requires the list of creditors given to the buyer to be certified by the seller under oath to be complete. (Gen. Stat. 1915, § 4894.) No such verification was made in this case. If the buyer had insisted upon the law being followed in this regard it is conceivable that the seller would have used more diligence in assuring himself of the completeness of the list. At all events, the buyer, having closed the deal without requiring a compliance with the statute, acted at his peril, and the title he received is subject to the claims of the omitted creditor. (*Williams v. J. W. Crowdus Drug Co.,* 167 S. W. 187 [Tex. Civ. App. 1914].)

2. So far it has been assumed that the bulk-sales law applies to the transaction involved. A doubt on this question arises from evidence that the bill of sale referred to was given as security, and from the circumstance that at the time of its execution the buyer agreed in writing to reconvey the property upon the repayment of the purchase price within a fixed time. If, however, the bill of sale is deemed to have been in legal contemplation a chattel mortgage, we still regard it as constituting a "sale or disposal" of the stock within the meaning of the statute. If the owner of a stock of merchandise, while allowed to sell it only upon notice to his creditors, could mortgage it effectively without such notice, the evasion of the statute would be so easy as to deprive it of all practical force. In this state the title to chattels passes by the execution of a mortgage (Gen. Stat. 1915, § 6501), which therefore amounts to a sale, or at least to a disposal. This view finds support in decisions elsewhere. (*Baker v. Nipper,* 198 S. W. 596 [Texas Civ. App. 1917]; *Semmes v. Stecher Brewing Co.,* 195 Mo. App. 621.) In

some jurisdictions, what might seem to be a contrary conclusion is reached, but this is by reason of local statutes under which the mortgagor of chattels continues to be their owner. (*Des Moines Packing Co. v. Uncaphor,* 174 Iowa, 39; *Hannah & Hogg v. Richter Brewing Co.,* 149 Mich. 220; *Dill et al. v. Ebey,* 27 Okla. 584.)

3. It appears that in May, 1916, Davis had executed a chattel mortgage on the stock to Glascock to secure the same debt, and it is suggested that this gave a valid lien which is a protection to the garnishee. Assuming that this mortgage, if otherwise valid, would not itself have been void under the bulk-sales law, it cannot be regarded as affecting the present situation, for it permitted sales by the mortgagor without an accounting, thus rendering it ineffectual (*Bank v. Hardman,* 89 Kan. 212, 131 Pac. 602), and the mortgagee said of it on the stand that "this merchandise stuff was changing hands all the time and it was n't security."

4. It results from these considerations that error was committed in denying the plaintiff all relief. The extent of his recovery, however, remains to be determined. The goods, in a sense, constituted a trust fund for the benefit of all creditors alike, and as the purchaser was free from intentional wrong he may justly be subrogated to the rights of the creditors whose claims he has paid off. (Note, 51 L. R. A., n. s., 343; L. R. A. 1917D 1067.) Nor is any reason apparent why his own claim should not be as favorably treated as those of others. We conclude, therefore, that the plaintiff should recover the proportion of the value of the stock that the amount of his claim bears to the total sum owed by the vendor at the time of the sale, including the debts paid off by the buyer and that originally owing to him.

5. A complaint is made regarding a matter of practice. The petition included allegations regarding the violation of the bulk-sales law, which were stricken out on motion of the defendant. The purchaser's liability might have been determined in a direct action against him, as well as by garnishment (*Burnett v. Trimmell,* 103 Kan. 130, 173 Pac. 6), but as he was not made a defendant, the averments in question seem to have served no purpose in the petition.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.