## In re POTTER.

(District Court, S. D. Florida. October, 1924.)

No. 2781.

**1. Bankruptcy ⬅══400(1)—Bankrupt has burden of proof as to exemptions.**

While the law allowing exemptions will be liberally construed in favor of the debtor, the burden rests on a bankrupt to prove that property claimed as exempt comes within the law.

**2. Bankruptcy ⬅══398(2)—Bankrupt held not entitled to exemptions from merchandise.**

Under the Constitution and laws of Florida, which do not permit the exemption of property against a claim for its purchase price, a bankrupt having mercantile creditors *held* not entitled to claim the greater part of his stock of merchandise as exempt.

In Bankruptcy. In the matter of A. H. Potter, bankrupt. On review of order of referee disallowing claim for exemptions. Affirmed.

C. A. Savage, Jr., of Ocala, Fla., for excepting creditor.

S. T. Sistrunk, of Ocala, Fla., for bankrupt.

CALL, District Judge. This cause comes on for hearing upon the petition of the bankrupt to review the order of the referee made September 23, 1924, sustaining exceptions to the report of the trustee setting apart certain property to the bankrupt as exempt.

On August 13, 1924, the bankrupt filed his petition and schedules and was adjudicated a bankrupt. In his schedules filed with the petition, he shows creditors secured in the amount of $625; unsecured in the amount of $2,556.56. By the schedules he shows assets—real estate, $170; stock of merchandise, $842.86; meat market, $66.75; cash, 65 cents; and cash register, ice boxes, scales, and refrigerator and market tools, $1,105. The cash register, scales, and refrigerator are subject to the secured debts; the two ice boxes, valued at $50, do not appear to be security for these unsecured debts, but they may be. By the schedule filed with the peti-

tion, groceries, tobacco, etc., to the value of $953.61 were claimed as exempt.

On September 9, 1924, an amended schedule was filed, in which goods, etc., were claimed as exempt to the amount of $753.58. In this schedule, in addition to groceries, tobacco, etc., he claimed other articles not included in the term "groceries, etc.," to the amount of $105.73, leaving the value of general merchandise claimed out of the stock at $647.85. So that we have out of a stock of merchandise delivered by the bankrupt to the trustee of the value of $842.86 a claim to exemption of $647.85 as exempt.

The objection to the allowance of the exemption is that the goods sought to be exempted have not been paid for—that it is sought to exempt the goods from the payment of the purchase price for same. The referee on the hearing received the testimony of the bankrupt and one other witness, and upon said hearing made the order sustaining the objections and denying the exemption sought.

[1] The order of the referee must be sustained, unless the evidence sent up by him clearly shows that his conclusion was erroneous. The bankrupt must show by a preponderance of the evidence that he is entitled to the exemption claimed. While the law allowing exemptions to the debtor will be liberally construed in his favor, yet the burden of proving that the property contained in the claim comes within the exemptions of the law rests upon the bankrupt. Collier on Bankruptcy (12th Ed.) p. 242, and cases cited.

[2] Testing this review by these principles, I do not find error in the referee's ruling and order. The Constitution and laws of Florida do not permit the exemption of any property against a claim for the purchase price of same. And while the bankrupt made general statements of his selecting and setting apart property which had not been paid for, the circumstances of the time when debts were incurred for stock, the first claim made for exemption, in which the bankrupt's claim was confined exclusively to merchandise kept in stock for sale to customers, would tend to diminish the credit to be attached to his testimony, and would not justify the judge to say that the order of the referee was palpable error.

The petition to review will therefore be denied.