## In re EASTHAM.

District Court, S. D. Texas, at Houston.
July 21, 1927.

No. 1179.

. Sharp & Gray, of Ennis, Tex., for bankrupt.

HUTCHESON, District Judge. This is a petition for review of the referee's order in refusing to set aside to the bankrupt as exempt part of lot 9, block 3, in the city of Huntsville, as his business homestead.

The conclusion of the referee is an inference from undisputed facts, and while the deference due any reasonable conclusion should be accorded the finding, no such weight can be attached to it as if it constituted a finding upon disputed issues of fact.

The bankrupt presents the matter vigorously from the standpoint that the proof clearly establishes a one-time designation and use of the property as a homestead, and that the trustee must discharge, and has failed to do so, the burden of proving an abandonment.

The referee has viewed the matter from a different angle; he finds, not that there has been an abandonment, but that the bankrupt's use and occupation of the property was not such as to entitle him to the exemption.

In this he apparently followed the reasoning of the court in Kahler v. Carruthers, 18 Tex. Civ. App. 216, 45 S. W. 160, where a house used as a business homestead was burned. A contract was made to construct improvements on the property. The jury found that the building was not Cowan's business homestead at the time he entered into the building contract. The claimant asserted that the evidence was not sufficient as a matter of law to show abandonment. The Court of Civil Appeals affirmed the finding of the jury, holding that the question was not whether he had abandoned his homestead; the question is, was it his homestead at the time of the execution of the contract.

This distinction is more than a matter of dialectics; it is substantial, and often determinative of the mixed question of law and fact which arises in connection with these homestead claims.

While there is authority for the view that the same process of reasoning will support a business homestead upon intention coupled with actual preparation as will support a residence homestead (see Wolf v. Butler, 8 Tex. Civ. App. 468, 28 S. W. 51), the general weight of authority does not appear to be that way, or at least the courts more readily find against the claim of business homestead than they do that of a residence homestead.

In Shryock v. Latimer, 57 Tex. 677, it is emphasized that the law protects the place of business because *it is* the place of business. The Supreme Court said: "To preserve the place of business, which is separate and distinct from the home, * * * two things must concur: 1st. The head of a family must have a calling or business to which the property is adapted and reasonably necessary. 2d. Such property *must be used as a place to exercise the calling* or business of the head of the family."

Whether the referee found that the evidence was not sufficient to show an appropriation of the property as a business homestead prior to the fire, or that it was insufficient to show such designation subsequent to the fire, does not appear; but I do not think this material to his conclusion, for certainly in the case of a business homestead the important question under circumstances like these, where a rather limited use was made of the property before the fire, and none after it, and the head of the family was exercising his calling or business elsewhere than in the town and at the place claimed as exempt it is not required that those who oppose the claim to establish, as they would have to do in the case of a residence homestead, that it had actually been abandoned.

It is sufficient if they can maintain that the claimant has not presented any evidence sufficient to show a use of the property as a business homestead either by actual occupan-

cy or intention coupled with acts of preparation; for in the case of a business homestead I think it clear that when there is no actual occupancy..at the time of bankruptcy the claimant cannot recover. merely by showing that at one time he did have a business in the premises concerned, putting the burden upon the trustee to overthrow the claim, but he must affirmatively show that at the time in question the property was being actually used, within the meaning of the law, for his business purposes.

In the light of these principles, while there is some evidence from which a conclusion might be drawn favorable to the bankrupt's claim, I think the whole record supports and confirms the referee's conclusion, and so believing, I deny the petition for review.