No. 29,179.

Thomas E. Joyce, as Trustee in Bankruptcy of the Estate of Samuel Leven, a Bankrupt, *Appellant*, v. The Armourdale State Bank, *Appellee*.

(285 Pac. 525.)

Opinion filed March 8, 1930.

*Melvin E. Buck*, of Kansas City, for the appellant; *Thomas E. Joyce, pro se. J. H. Brady* and *T. F. Railsback*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: When this case was here before (127 Kan. 539, 274 Pac. 200) the main question presented was whether the giving by a merchant of a chattel mortgage on his stock of merchandise and fixtures, and taking possession of the mortgaged property by the mortgagee, in accordance with the terms of the mortgage, constituted a sale and disposal of the property within the meaning of the bulk-sales law (R. S. 58-101). It was held so to be. Since there had been no attempt to comply with that statute, it was further held that such disposal of the property was void as to the creditors of the mortgagor, and further that the mortgagee must account for the property so taken to the trustee in bankruptcy of the mortgagor. After our mandate had gone down the mortgagee accounted to the trustee in bankruptcy to his apparent satisfaction, except as to one item, but this item has caused this appeal. This item is a Ford truck, of the agreed value of $125, which the mortgagor had used in delivering merchandise sold, and which was covered by the chattel mortgage. The mortgagee contended that this truck did not pass to the trustee in bankruptcy for two reasons: *First*, the mortgage was not void as to the truck because it was not "merchandise" or "fixtures" as those terms are used in the bulk-sales law; and, *second*, that it was property exempt from execution for debts of the mort-

gagor, and hence did not pass to the trustee in bankruptcy. The trial court held in favor of the mortgagee, and the trustee in bankruptcy has appealed.

Appellant contends that this court having held the mortgage void, the trial court should have followed it and held the mortgage void in its entirety and for all purposes. This argument misconstrues the former ruling of this court. The mortgage was held to be "void as against creditors of the mortgagor." It is not void for all purposes. (See *Grocery Co. v. Ridgeway,* 115 Kan. 685, 689, 224 Pac. 38.) Appellant argues that the truck, used by the merchant, who in this case was a dealer in furniture, to deliver merchandise sold, is a fixture within the meaning of the bulk-sales law, but he cites no authorities in support of that view. Authorities cited by appellee (*People's Sav. Bank v. Van Allsburg,* 165 Mich. 524, and cases there cited) are to the contrary. But we do not rest our ruling on that point alone. The truck was exempt property in the hands of the mortgagor (*Federal Agency Investment Co. v. Baker,* 122 Kan. 460, 252 Pac. 262), and hence would not pass to his trustee in bankruptcy. And it has been held that the bulk-sales law was not intended to modify or curtail the benefits of the exemption law. (*Saunders v. Graff,* 103 Kan. 261, 173 Pac. 413.)

The judgment of the court below is affirmed.