No. 4067

Second Circuit

RAPIDES PACKING CO. v. OLLA STATE BANK ET AL.

(July 14, 1931. Opinion and Decree.)

Polk & Robinson, of Alexandria, attorneys for plaintiff, appellant.

P. S. Gaharan, Jr., of Jena, attorney for defendants, appellees.

DREW, J. Plaintiff alleged: That on and prior to March 16, 1929, it was and is now a creditor of Ernest E. Cruse and C. C. Cruse, who conducted at and prior to that date, and are now conducting, a retail mercantile business in the town of Olla, La Salle parish, La. That on March 16, 1929, the said Cruses granted and executed unto and in favor of any future holder of the note secured thereby a mortgage in the sum of $3,000 against the following described property: "All store shelves and counters; two adding machines; four pairs of scales; one cash register; one meat counter; one cooler; one safe; one Victrola; one meat chopper; one meat slicer; all light fixtures, together with all minor furnishings and fixtures now used in connection with the operation of the place of business operated in the name of Jitney Jungle in the Town of Olla, Parish of La Salle, Louisiana."

That the Olla State Bank is the holder and owner of said mortgage note. That the mortgage, in so far as it operates as an incumbrance against the said property above described, is null, void, and of no force, virtue, or effect, in fact or in law, for the reason that said mortgage was given and granted out of the ordinary course of trade or in the regular and usual prosecution of the business and operates as an incumbrance and mortgage against and, under the terms of section 5, Act No. 270 of 1926, constitutes a transfer of all, and if not all, substantially all, of the movable property, fixtures, or equipment, including movable store and office fixtures, used, or to be used, by the same mortgagors in the display, care, or deliv-

ery of the goods, wares, and merchandise sold by them in their business.

That, in effecting the act of mortgage, the Olla State Bank and the said mortgagors did not comply with the provisions of Act No. 270 of 1926, and specifically did not, at least ten days before the completion of said mortgage, and/or of the payment of any consideration therefor, make a full and complete inventory showing the quantity and, in so far as possible, the cost price to the said mortgagors of each article included in said act of mortgage.

That the said Olla State Bank did not demand or receive from the mortgagors a written statement setting forth substantially names and addresses of each creditor of the mortgagors, together with the amount of indebtedness due and to become due, all as provided in paragraph (b) of section 2, Act No. 270 of 1926.

It further alleged in detail that the defendant did not comply with paragraph (c) of section 2, Act No. 270 of 1926, and that the defendant did accept from the said mortgagors the mortgage herein sought to be enforced by it, and did pay over to said mortgagors the amount as stipulated in said mortgage.

It further alleged that the said mortgage, in so far as it operates against the movable effects of the said mortgagors, is void, null, and of no effect, and particularly as it affects and operates against petitioner.

Plaintiff alleged that it had filed suit against the said mortgagors and had issued a writ of attachment and had the property seized, and pleads in the alternative, should the court hold the act of mortgage not to be null and void, that its lien and privilege acquired by virtue of the writ of attachment be held superior in rank to any other lien and privilege, and particularly as against the defendant, holder of said mortgage; that defendant has had execution issue under foreclosure proceedings of said mortgage, the property has been seized, and is not advertised for sale; and that a sale thereunder would be null and void for the reasons above set forth. It alleged the indebtedness of mortgagors to it in the amount of $300, with 8 per cent per annum interest from December 21, 1928, until paid, with 10 per cent additional as attorney's fees, less a credit of $8.70; said indebtedness being represented by a promissory note of said mortgagors.

It further alleged in the alternative that the Olla State Bank should be held as a receiver for said mortgagors and required to account to petitioner for the value of each and singular of the property above described, and prayed for relief accordingly.

Defendant filed an exception of no cause or right of action, which was sustained by the lower court, and from this judgment plaintiff has appealed. The exception is based on the following ground:

First, that there is no allegation in plaintiff's petition that the indebtedness arose out of or in any manner in connection with the operation of the store known as Jitney Jungle in the town of Olla; and

Second, that the petition merely alleged a conclusion of law relative to the mortgage not having been given in the usual prosecution of mortgagors' business.

We are informed by appellee's brief that the lower court sustained the exception on the second ground urged and did not pass on the first contention of appellee. However, both contentions of defendant are urged here.

This action is brought under Act No. 270 of 1926, commonly known as the Bulk

Sales Law; sections 1 and 5 of said act being applicable here. Section 1 reads as follows:

"Be it enacted by the Legislature of Louisiana, That the transfer in bulk, and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor, of any portion or the whole of a stock of merchandise, or merchandise and fixtures, or of all or of substantially all of the fixtures or equipment used or to be used in the display, manufacture, care or delivery of any goods, wares or merchandise including movable store and office fixtures, horses, wagons, automobile trucks and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Act."

It is noted that this section reads, "shall be void as against the creditors of the transferor." There is no restriction limiting it to any particular class of creditors. It therefore covers all creditors. It is true that the purpose of the act was to protect wholesalers against unscrupulous merchants who would fill their storehouses with goods purchased on credit, and then sell same in bulk, leaving the wholesaler without recourse for collection. But the Legislature in its wise discretion saw fit to make the law cover all creditors, possibly having in view the danger of running into the ban on class legislation. The jurisprudence in practically all other jurisdictions holds, in interpreting like acts, that it covers all creditors, regardless of how the debt arose. McDaniels v. Connelly Shoe Co., 30 Wash. 549, 71 P. 37, 60 L. R. A. 947, 94 Am. St. Rep. 889; Escalle v. Mark, 43 Nev. 172, 183 P. 387, 5 A. L. R. 1514; Eklund v. Hopkins, 36 Wash. 179, 78 P. 787; 27 C. J. 879; Douglas Fir Lumber Co. v. Star Lumber Co., 27 N. M. 403, 201 P. 867, 41 A. L. R. 1476.

We therefore conclude there is no merit in the first contention.

Section 5 of Act No. 270 of 1926, reads as follows:

"That transfers under this Act shall include transfer in payment of debt, in whole or in part, pledges, mortgages, sales, exchanges, and assignments, whether for cash or on credit or in exchange for certificates of stock, bonds or other obligations of a corporation, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor. * * *"

It is plain from the provisions of sections 1 and 5 of Act No. 270 of 1926, that the placing of a mortgage on the fixtures and out of the usual course of trade is void as against a creditor of the mortgagor unless the provisions of Act No. 270 of 1926 are complied with.

Plaintiff has alleged in detail the acts of the mortgagors in executing the mortgage, and that the provisions of Act No. 270 of 1926 were not complied with, and concludes by alleging that said acts were not in the ordinary course of business, and we hold the allegations are sufficient.

It is not necessary that plaintiff negative every act of mortgagors that would be in the ordinary course of business. It alleged that the mortgagors were engaged in the business of a retail merchant. The ordinary course of business of a retail merchant is to buy goods and to sell them in lesser quantities than he buys, at retail, with a view to profit. 34 C. J. 1685. The ordinary course of business of the defendant bank was to loan money and to take security for the same, but the ordinary course of business of the defendant bank is not of any concern in this case, only the ordinary course of business of the mortgagors.

Plaintiff has alleged the acts of the mortgagors complained of, and has alleged that such acts were outside the ordinary

course of business of a retail merchant. The mortgagors may have used the money secured on the mortgage to pay debts or to buy goods to remain in business. That is a matter to be developed on trial of the case on its merits, if it is a defense to the act. We reserve our opinion on that question.

In the case of C. B. Norton Jewelry Co. v. Maddock, 115 Kan. 108, 222 P. 113, affirmed on re-argument in 1924 (115 Kan. 574, 223 P. 816) quoted in 57 A. L. R. 1053, the court said:

"The purpose of our statute is to prevent a person engaged in merchandising from disposing of any part of his stock, otherwise than in the ordinary course of his business, to the disadvantage of any of his creditors. As was held in Linn County Bank v. Davis (103 Kan. 672, 175 P. 972, 9 A. L. R. 468) supra, giving a mortgage on a stock of goods is a 'disposal' thereof. Such a transaction is out of the ordinary course of trade or business. Pledging a part of a stock of goods is likewise a disposal of those goods out of the ordinary course of trade or business. It is a complete disposition of the goods, so far as the creditors of a merchant are concerned. It puts those goods beyond the reach of all creditors, except those who may receive the benefit of the pledge, until the pledgee's claim has been satisfied. So far as creditors are concerned, pledging all or a part of a stock of merchandise is as effective a disposition of the goods pledged as can be made by a sale thereof. To be valid, such a disposition must be made in conformity with the Bulk Sales Law of this state."

We conclude that the second contention of defendant is not good, and that the judgment of the lower court sustaining the exception of no cause of action is erroneous. It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the case remanded for further procedure.