## In re DEDERICK.

## HERZIG v. COMMERCIAL STATE BANK.
### No. 1495.

Circuit Court of Appeals, Tenth Circuit.
Aug. 21, 1937.

Ralph Knittle, of Salina, Kan., and W. S. McClintock and A. L. Quant, both of Kansas City, Mo., for appellant.

Paul H. Royer, of Abilene, Kan., for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

An involuntary petition in bankruptcy was filed against M. E. Dederick, owner and operator of a grocery and meat market at Abilene, Kansas, on April 13, 1936, and an order of adjudication was entered five days later. The Commercial State Bank filed its proof of claim upon a note of $1,200 secured by a chattel mortgage covering the fixtures used in the operation of the market, consisting of an electric grinder, two coolers, one display case, one slicer, two blocks, three computing scales, two cash registers, one register account file, four filing cabinets, a fountain vegetable rack, a cooler, and a counter. The original mortgage was executed on March 13, 1935, to secure $856 previously borrowed from the bank and $344 advanced on that date. The note and mortgage were renewed in the same amount and covering the same chattels on the succeeding August 14th and October 18th. The original mortgage and the first renewal were not filed for record. The second renewal was filed for record on December 14, 1935. The delay in filing was at the request of the bankrupt. No attempt was made in the execution and delivery of the mortgage to comply with the bulk sales law of the state.

.The trustee resisted allowance of the claim as a secured one. The referee found that the mortgage was invalid and allowed the claim as an unsecured one. On review, the court below reversed that determination; held the mortgage valid, and directed that the property be surrendered to the bank. The trustee appealed.

The trustee insists that the mortgage is invalid because of failure to comply with the requirements of the bulk sales law of the state. Section 58—101, Revised Statutes of Kansas, 1923, provides: "The sale or disposal of any part or the whole of a stock of merchandise or the fixtures pertaining thereto, otherwise than in the ordinary course of his trade or business, shall be void as against the creditors of the seller, unless the purchaser receives from the seller a list of names and addresses of the creditors of the seller certified by the seller under oath to be a complete and accurate list of his creditors and unless the purchaser shall, at least seven days before taking possession of the property, or before paying therefor, notify in person or by registered mail, every creditor whose name and address is stated in said list, or of whom he has knowledge of the proposed sale."

As a premise for the consideration of this contention, certain established rules of construction may be recounted. One is that effect should be given, if possible, to every word, clause, or sentence in the statute, Ex parte Public Nat. Bank, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202; Chicago Great Western R. Co. v. Farmers' Shipping Ass'n (C.C.A.) 59 F.(2d) 657; and it is not presumed that the Legislature used a meaningless word, Winterbottom v. Casey (D.C.) 283 F. 518. Another is that we follow the interpretation given the statute by the Supreme Court of the state. Terry v. Midwest Refining Co. (C.C.A.) 64 F.(2d) 428; Ætna Life Ins. Co. v. Wertheimer (C. C.A.) 64 F.(2d) 438; Shell Petroleum Corp. v. Hollow (C.C.A.) 70 F.(2d) 811; Denver-Greeley Valley Irr. Dist. v. McNeil (C.C.A.) 80 F.(2d) 929.

There is conflict of opinion as to whether a statute of this kind should be given a liberal or a narrow construction. It is unnecessary to review the many cases relating to the question, because the Supreme Court of Kansas has determined that the statute is remedial in nature, intended to frustrate fraud upon creditors, and should be construed liberally to effect that purpose. Vacuum Oil Co. v. Wichita Independent Consol. Cos., 110 Kan. 245, 203 P. 915; Joyce v. Armourdale State Bank, 127 Kan. 539, 274 P. 200.

The Legislature clearly desired that the requirements of the act have application to something more than a sale. So, the words "or disposal" were added; and it has been held that a chattel mortgage comes within its purview. The facts in Linn County Bank v. Davis, 103 Kan. 672, 175 P. 972, 973, 9 A.L.R. 468, were that the owner of chattels executed a bill of sale and delivered the property to the named vendee. At the same time, the buyer agreed in writing to reconvey the chattels upon repayment of the purchase price within a specified period. A creditor instituted suit against the vendor, and, contending that the transaction was void because of failure to comply with the terms of the statute, caused a garnishment summons to issue against the vendee. The latter denied liability. It was asserted that the bill of sale was in effect a chattel mortgage and, therefore, the bulk sales law did not apply to the transaction. The court rejected that view, saying: "If, however, the bill of sale is deemed to have been in legal contemplation a chattel mortgage, we still regard it as constituting a 'sale or disposal' of the stock within the meaning of the statute. If the owner of a stock of merchandise, while allowed to sell it only upon notice to his creditors, could mortgage it effectively without such notice, the evasion of the statute would be so easy as to deprive it of all practical force. In this state the title to chattels passes by the execution of a mortgage (Gen. Stat.1915, § 6501), which therefore amounts to a sale, or at least to a disposal. This view finds support in decisions elsewhere. Baker v. Nipper (Tex. Civ.App.) 198 S.W. 596; Semmes v. Rudolph Stecher Brewing Co., 195 Mo.App. 621, 187 S.W. 604. In some jurisdictions what might seem to be a contrary conclusion is reached, but this is by reason of local statutes under which the mortgagor of chattels continues to be their owner. Des Moines Packing Co. v. Uncaphor, 174 Iowa, 39, 156 N.W. 171; Hannah & Hogg v. Richter Brewing Co., 149 Mich. 220, 112 N.W. 713, 12 L.R.A. (N.S.) 178, 119 Am.St.Rep. 674, 12 Ann. Cas. 344; Dill et al. v. Ebey, 27 Okl. 584,

112 P. 973, 46 L.R.A.(N.S.) 440." With emphasized approval of that case, it was later held that a pledge of merchandise is void as to creditors for lack of compliance with the exactions of the statute, even though the pledged chattels be returned to the merchant and restored to stock. C. B. Norton Jewelry Co. v. Maddock, 115 Kan. 108, 222 P. 113.

But, the bank urges that the statute does not strike down this mortgage, because possession of the chattels was not delivered to the mortgagee. Section 58—307 of the Kansas statutes provides that in the absence of a stipulation to the contrary, the mortgagee of personal property shall have the legal title thereto and the right of possession. There is no stipulation in this mortgage that title shall remain in the mortgagor. While the instrument was given as security for a debt, it constituted a conditional sale of the property and transferred the legal title to the bank. Korman v. Henry, 32 Kan. 49, 3 P. 764; Linn County Bank v. Davis, supra. No case has been called to our attention in which the Supreme Court of the state has decided the exact question. It will be noted, however, that in Linn County Bank v. Davis, supra, the court stated unqualifiedly that a chattel mortgage comes within the statute. That general language was not expressly limited to a case in which possession is surrendered to the mortgagee, and there is nothing to suggest that the court intended for it to be restricted in that respect. In Joyce v. Armourdale State Bank, supra, a merchant executed a chattel mortgage to a bank as security for a loan, covering a stock of merchandise and fixtures. The mortgage was filed for record; default was made in payment; the merchandise and fixtures were surrendered and delivered to the bank; and thereafter the merchant was adjudicated a bankrupt. In sustaining the validity of the mortgage, the court stated that it was concerned solely with the question of ownership at the time the merchandise was delivered to the bank; but Linn County Bank v. Davis, supra, was cited without any indication that the court over spoke itself in using the broad and general language to which reference has been made. The case of Faeth Co. v. Bressie, 125 Kan. 425, 264 P. 1077, 57 A.L.R. 1046, was expressly distinguished from Linn County Bank v. Davis, supra, in that the plaintiff there became a creditor after the interest of the mortgagee had accrued.

The bulk sales law in Louisiana is quite similar to that in Kansas. It has been held that a chattel mortgage covering merchandise and fixtures in that state is invalid even though possession be not delivered to the mortgagee. Rapides Packing Co. v. Olla State Bank, 17 La.App. 267, 135 So. 772; First Nat. Bank of Shreveport v. Sharp (C.C.A.) 54 F.(2d) 886. Both of these cases cited the doctrine in Kansas as a basis for such conclusion.

We think the mortgage under consideration comes within the terms of the statute despite the nondelivery of the chattels to the mortgagee.

The bank further contends that even though the statute has application, the mortgage is invalid only as to creditors having debts against the bankrupt at the time the original mortgage was executed in March. Two claims in the combined sum of $55.91 were approved which existed at that time. Claims of others were allowed who had been creditors continuously from the date of such mortgage to the date of adjudication, but none of the items included in the approved claims existed prior to the execution of the mortgage. The accounts were running accounts and all items which were on the books prior to the execution of the mortgage were paid and succeeded by others before the adjudication. Ordinarily, an unrecorded chattel mortgage in Kansas is valid against a general creditor without a specific lien upon or right to the mortgaged property. Campbell v. Killion, 124 Kan. 124, 257 P. 752. But a chattel mortgage covering a stock of merchandise or the fixtures of a merchant is not an ordinary mortgage. Joyce v. Armourdale, supra. A transaction of that kind is an unusual one, out of the ordinary course of business. C. B. Norton Jewelry Co. v. Maddock, supra. Furthermore, section 70 (e) of the Bankruptcy Act expressly empowers the trustee in bankruptcy to avoid any transfer which any creditor of the bankrupt might have avoided. 11 U.S.C.A. § 110 (e); Globe Bank & Trust Co. v. Martin, 236 U.S. 288, 35 S.Ct. 377, 59 L.Ed. 583; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3,

76 L.Ed. 133, 76 A.L.R. 1198. And, when a mortgage or transfer has been set aside on the challenge of the trustee, antecedent and subsequent creditors benefit pro rata. Globe Bank & Trust Co. v. Martin, supra; In re Moore (C.C.A.) 11 F.(2d) 62.

The remaining contention advanced by the bank in an effort to sustain the secured claim is that the chattels covered by the mortgage were exempt from attachment and execution, and, therefore, the bulk sales law is without application. Section 60—3505 of the Revised Statutes of the state provides: "The following property only shall be exempt from attachment and execution, when owned by any person residing in this state, other than the head of a family: First, the wearing apparel of the debtor; second, a seat or pew in any church or place of public worship, and a lot in any burial ground; third, the necessary tools and instruments of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, and, in addition thereto, stock in trade, as provided in the last preceding section; fourth, the library, implements, and office furniture of any professional man."

It will be noted that the pertinent provision in the act exempts the necessary tools and instruments of a mechanic, miner or other person. used and kept for the purpose of carrying on his trade or business. It does not exempt all tools and instruments of such a person, only those which are necessary as such for his use. Fixtures in a store or market are not expressly exempted. They cannot come within the statute unless they be classed as tools or instruments and then it must appear that they are necessary as such for the use of the owner. Putnam Inv. Co. v. Titus, 125 Kan. 623, 266 P. 55.

The burden of proving that the property of a bankrupt is exempt rests upon the one asserting it. In re Turnbull (D.C.) 106 F. 667; In re Rainwater (D.C.) 191 F. 738; In re Stitt (C.C. A.) 252 F. 1; In re Potter (D.C.) 4 F. (2d) 807; In re Eastham (D.C.) 32 F. (2d) 717. The bankrupt did not claim any of the property as exempt in her schedules and the trustee did not set any of it aside as exempt. The bank failed to offer any evidence before the referee tending to establish its exempt nature.

There was no testimony concerning the size, weight, cost, or value of any of such property. Neither was there any showing as to the manner in which or the number of persons by whom it was used. The record is silent respecting all such matters. In these circumstances it cannot be said as a matter of law that the chattels were necessary tools and instruments for the use of the owner at the time the mortgage was executed or afterwards. Putnam Inv. Co. v. Titus, supra.

The order is reversed and the cause remanded, with direction to allow the claim as an unsecured one.